UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALDER SEACARRIER CORP.,

    Plaintiff,

-against-

VIKING MARINE S.A. and SINORICHES GLOBAL LTD, a/k/a SGL SHIPPING LIMITED,

    Defendants.

07 CV 6520 (LAK)

FIRST AMENDED COMPLAINT



    **PLEASE TAKE NOTICE** that Plaintiff, CALDER SEACARRIER CORP., ("CALDER"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, VIKING MARINE S.A. ("VIKING") and SINORICHES GLOBAL LTD, a/k/a SGL SHIPPING LIMITED ("SINORICHES"), alleges, upon information and belief, as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

    2.    Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

    3.    Defendant VIKING is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at c/o PRIAMOS MARITIME S.A., 72-74, Marathonos Str., 16673 Panorama Voulas, Athens, Greece.

    4.    Defendant SINORICHES is a business entity organized and existing pursuant to

- 2 -

the laws of a foreign country.

## AS AND FOR CLAIMS AGAINST DEFENDANT VIKING

5. On or about June 6, 2007, Plaintiff, as charterer, and Defendant VIKING, as owner, entered into a charter agreement for the use of the M/V VERA.

6. Plaintiff complied with each and every requirement imposed by the agreement between the parties.

7. Defendant VIKING wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject charter agreement by, *inter alia*, failing to provide the said vessel, as per the terms of the charter agreement.

8. Defendant VIKING wrongfully, willfully, negligently, and/or fraudulently interfered with Plaintiff's right to enter into contracts relating to the use of the M/V VERA

9. As a result of Defendant's breach of the subject charter agreement and tortuous interference with Plaintiff's right to contract, Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the charter agreement and at law.

10. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject charter agreement and violated Plaintiff's rights under the law.

11. Despite Plaintiff's repeated demands, Defendant has failed to pay the Plaintiff's damages due and owing under the charter agreement and at law.

12. Pursuant to the charter agreement, disputes are to be settled by arbitration, and arbitration between Plaintiff and Defendant is underway, accordingly.

13. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

14. As a result of Defendant's breach of the charter agreement and violation of Plaintiff's rights under the law, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts, exclusive of interest, by way of arbitral award:

| | |
|---|---|
| Principal Claim | $721,286.31 |
| Attorneys' and Expert's Fees, | $250,000.00 |
| Arbitration Expenses | $100,000.00 |
| **Total** | **$1,071,286.31** |

15. Plaintiff notes that the above claim figures constitute estimates derived from the information currently available and reserves the right to amend or adjust same in the event that newly discovered facts demand such amendment.

16. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

17. All conditions precedent required of Plaintiff in the aforesaid charter agreement have been performed.

### AS AND FOR A CLAIM AGAINTS DEFENDANT SINORICHES

18. On or about June 7, 2007, Plaintiff, as entitled to do so under its Charter with VIKING, and Defendant SINORICHES, as shipper, entered into a contract of affreightment ("fixture agreement") for the shipment of a cargo of steel products on board the M/V VERA.

19. Plaintiff complied with each and every requirement imposed by the agreement between the parties.

20. Defendant SINORICHES wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject contract of affreightment by, *inter alia*, failing to pay freight, demurrage, port fees and other associated costs.

21. As a result of Defendant's breach of the fixture agreement Plaintiff has incurred, and will continue to incur costs and expenses for which Defendant is liable under the terms of the charter agreement and at law.

22. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject fixture agreement and violated Plaintiff's rights under the law.

23. Despite Plaintiff's repeated demands, Defendant has failed to pay the Plaintiff's

damages due and owing under the contract of affreightment and at law.

24. Pursuant to the contract of affreightment, disputes are to be settled by arbitration, and arbitration between Plaintiff and Defendant has been commenced or will shortly be commenced.

25. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

26. As a result of Defendant's breach of the fixture agreement and violation of Plaintiff's rights under the law, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts, exclusive of interest, by way of arbitral award:

| | |
|---|---|
| Principal Claim | $1,600,684.00 |
| Attorneys' and Expert's Fees, | $250,000.00 |
| Arbitration Expenses | $100,000.00 |
| **Total** | **$1,950,684.00** |

27. Plaintiff notes that the above claim figures constitute estimates derived from the information currently available and reserves the right to amend or adjust same in the event that newly discovered facts demand such amendment.

28. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

29. All conditions precedent required of Plaintiff in the aforesaid contract of affreightment have been performed.

### AS AND FOR ALLEGATIONS IN SUPPORT OF RULE B ATTACHMENT

30. Defendants VIKING and SINORICHES cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the

jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V. and/or DBS Bank Ltd, which are believed to be due and owing to Plaintiff.

31. For the purpose of obtaining personal jurisdiction over Defendants and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendants VIKING and SINORICHES, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court directs the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase,

Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., DBS Bank Ltd., and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$1,071,286.31 (VIKING) and $1,950,684.00 (SINORICHES)** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

      C.    That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

      D.    That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, NY

    August  /  , 2007

> Respectfully submitted,
>
> MAHONEY & KEANE, LLP.
> Attorneys for Plaintiff
> **CALDER SEACARRIER CORP.**
>
> By: _____
> Garth S. Wolfson (GW 7700)
> 111 Broadway, 10th Floor
> New York, NY 10006
> Tel. (212) 385-1422
> Fax (212) 385-1605
> Our File No. 12/3437

## SERVICE LIST

VIKING MARINE S.A.  
c/o PRIAMOS MARITIME S.A., 72-74,  
Marathonos Str., 16673 Panorama Voulas,  
Athens, Greece

SINORICHES GLOBAL LTD a/k/a SGL SHIPPING LIMITED