Xylas & Ziccardi, LLP
Attorneys for Defendant
Viking Marine S.A.
500 Fifth Avenue
New York, New York 10110
(212) 490-9352

Richard M. Ziccardi (RZ 6651)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
CALDER SEACARRIER CORP.,                07 Civ. 6520 (LAK)

        Plaintiff,

    -against-

VIKING MARINE S.A. and SINORICHES

GLOBAL LTD, a/k/a SGL SHIPPING

LIMITED,

        Defendants.
-------------------------------------------------------X

DEFENDANT VIKING MARINE S.A. MEMORANDUM
OF LAW IN SUPPORT OF ITS
<u>MOTION FOR COUNTER-SECURITY</u>

      Defendant Viking Marine S.A. ("Viking") appearing by and through its attorneys,

XYLAS & ZICCARDI, LLP, submits the following in support of its motion for counter-

security pursuant to Rule E (7) of the Supplemental Rules for Certain Admiralty and

Maritime Claims. Defendant Viking's appearance herein is restricted within the meaning

of Supplemental Admiralty Rule E (8).

1.     The plaintiff commenced this action on July 19, 2007, by filing a complaint

seeking the issuance of Process of Maritime Attachment pursuant to Rule B of the

Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. Section 1 *et seq* attaching assets of defendant Viking to secure plaintiff's claims against Viking in London arbitration proceedings.

2. The London arbitration dispute arises out a charterparty contract between the parties dated June 6, 2007 concerning use of the vessel M/T VERA. Plaintiff herein submitted its claims for breach of charter and interference with the contract to the London tribunal. See Affidavit of Andrew Dyer ("Dyer Aff.") attached hereto as Exhibit A, Paragraph 2.

3. Viking counterclaimed in the London arbitration proceeding that it suffered damages for breaches of the charter party which amounted to a repudiatory course of conduct.

4. The subject charterparty contains a clause setting forth that any disputes arising from the performance of the contract shall be referred to arbitration in the city of London, in accordance with the rules of the London Maritime Arbitration Association. The charterparty agreement is governed by and subject to construction in accordance with English law. See Dyer Aff., Paragraph 2.

5. The London arbitration is proceeding with the parties having submitted points of claim, defense and counterclaim. See Dyer Aff., Paragraph 2.

6.  As asserted by plaintiff in its complaint, and confirmed by English counsel for Viking, Mr. Andrew Dyer, interest, costs and attorney's fees are routinely awarded to the prevailing party in London arbitration proceedings. See Dyer Aff., Paragraph 3.

7.  Plaintiff, in its complaint herein, estimated that an award in the London arbitration for costs (arbitration expenses) to the prevailing party would be approximately $100,000 and that an award for attorney and expert's fees would be approximately $250,000. These estimates are also confirmed by Viking's English counsel. See Dyer Aff., Paragraph 4.

8.  On July 20, 2007, an Order was entered in this action that Process of Maritime Attachment and Garnishment shall issue against Viking's property located within this district, as security for Plaintiff's claims in the London arbitration, in the amount of $950,000 representing the following:

    a.  On the principal claim         :   $600,000
    b.  Attorney and Expert's fees     :   $250,000
    c.  Arbitration expenses           :   $100,000

9.  Plaintiff seized certain of Viking's property located within this district in the approximate amount of $25,000 in July and/or August of 2007.

10.     On August 1, 2007 plaintiff filed an amended complaint against Viking and an additional defendant, Sinoriches Global Ltd. The allegations regarding Viking in the amended complaint are substantially similar to the original complaint, although the amount estimated for the principal claim in the London arbitration is now $721,286.31. The amended complaint also seeks the issuance of process of Maritime Attachment pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act. An Order issuing such process was entered on August 2, 2007.

11.     Viking is asserting a claim herein for counter-security for the London arbitration to secure its counterclaim therein arising from alleged breaches of the charterparty contract, together with costs and attorney's fees.

ARGUMENT

Rule E (7)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides as follows:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for good cause shown, directs otherwise.  Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

"[T]he intent of the rule is manifest; it is 'to place the parties on an equality as regards security.'"  Titan Navigation v. Timsco, 808 F.2d 400, 403 (5th Cir. 1987), quoting, Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 638-39, 44 S.Ct. 220, 223-24, 68 L. ED. 480 (1924).  "[T]he exercise of the trial court's discretion to order countersecurity is to be guided by the essential and equitable purposes of the rule." Titan, supra, at 404.

In the present case, plaintiff, who instituted the instant action for the sole purpose of obtaining security for its claims in the pending London arbitration, obtained an order of attachment for security designed to cover a potential award of its principal claim as well as its anticipated costs and fees in the arbitration.  Viking, whose defenses and counterclaim in admiralty are potentially meritorious and who arguably possesses an equal or greater opportunity to obtain an award in the London proceeding on its counterclaim as well as recovery of costs and fees in the same arbitration in the or similar amount, requests this Court to issue an order for counter-security that would place Viking on equitable ground regarding the issue of security.  "[W]hen no maritime lien or

statutory right is involved, as in an action commenced *quasi in rem* under Rule B, there usually would be little or no reason to permit a complainant to enjoy unilateral security rights absent strong justification…" Titan, supra, at 405; see also, Verton Navigation Inc. v. Caribica Shipping Ltd., 1992 U.S. Dist LEXIS 517, *5 (S.D.N.Y. 1992); see also, The EVANGELINE, 36 F.2d 426 (S.D.N.Y. 1929).

Plaintiff, having obtained an Order of attachment, has had a fair opportunity to attach Viking's assets located in this District. Defendant Viking has no security for its counterclaim, which has potential merit and, in any event, is not frivolous or so lacking in merit that its only purpose is to obtain a negotiating advantage over plaintiff. It would therefore be equitable for this Court to issue an Order granting counter-security in the amount of $859,328.45, or such other amount as this Court deems just and equitable in order to place the parties on an equality.

WHEREFORE, it is respectfully requested that this Honorable Court grant Viking's request for counter-security, and enter an Order, pursuant to Supplemental Admiralty Rule E (7), requiring plaintiff, Calder Seacarrier Corp to post $859,328.45, or such other amount as this Court deems just and equitable, as security for Viking's counterclaim so that plaintiff and defendant Viking can be on an equality as regards security as they proceed with the London arbitration of their dispute. It is further requested that this Court enter an Order staying the proceedings herein until such time as the counter-security is posted, and vacating the attachment of Viking's assets in this District if counter-security is not posted within ten days of entry of an Order granting

Electronically Filed

such counter-security, and granting such other and different relief as this Court may deem just and proper.

Dated: New York, New York
       September 7, 2007

                         XYLAS & ZICCARDI, LLP
                         Attorneys for Defendants
                         Viking Marine S.A.

                         S/_____
                           Richard M. Ziccardi (RZ 6651)
                           500 Fifth Avenue
                           New York, New York 10110
                           (212) 460-9352
                           ziccardilaw@aol.com

To:    Garth S. Wolfson
        Mahoney & Keane, LLP
        Attorneys for Plaintiff
        111 Broadway
        New York, New York 10006
        (212) 385-1422
        gwolfson@mahoneykeane.com /ecf

Electronically Filed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALDER SEACARRIER CORP.,<br><br>                      Plaintiff,<br>    -against –<br><br>VIKING    MARINE    S.A.  and SINORICHES<br><br>GLOBAL LTD, a/k/a SGL SHIPPING LIMITED<br><br>                      Defendants. | 07 CV 6520 (LAK)<br><br>DECLARATION<br>OF ANDREW JOHN DYER |

ANDREW JOHN DYER declares the following pursuant to 28 U.S.C. Section 1746:

1.    I am a solicitor of the Supreme Court of England, duly qualified under the laws of England, and a partner with Hill, Dickinson International, solicitors for the above named defendant, Viking Marine S.A. ("Viking"), in connection with the pending London arbitration between the plaintiff and the defendant Viking in this action. I am involved in the day-to-day conduct of this matter in connection with the London arbitration, and as such I am fully familiar with the facts and circumstances of this case. I make this declaration in support of Viking's motion for counter-security.

2.    The plaintiff herein, in accordance with the agreement between the parties, has submitted to the jurisdiction of London arbitration pursuant to the Rules of the London

EXHIBIT A

Maritime Arbitrators Association ("LMAA"). The dispute between parties is governed by English law. The Plaintiff has in the London arbitration proceeding submitted a claim, which includes claims for interest and costs. Viking has filed its Defence Submission to Plaintiff's claim and has asserted a counterclaim for $509,328.45 as well as claims for interest and costs. The claims and counterclaims in arbitration relate to alleged breaches of a charterparty for the M/T VERA between plaintiff and Viking dated June 6, 2007.

3. In accordance with general principles of English law, it is standard practice in London arbitration for the arbitration tribunal to award the successful party its legal costs including attorney's fees, consistent with the practice in the English courts. The costs of the arbitration will be awarded against the losing party so that if the successful party pays them (in order to obtain the award) then that party is entitled to recover them from the losing party.

4. In its application for security, plaintiff herein estimated costs in the London arbitration to be approximately $100,000, and attorney's and expert's fees to be approximately $250,000. We agree with plaintiff's estimates and as such the same amounts would be awarded to Viking if it is successful in the London arbitration.

5. The defenses to the claims of the Plaintiff brought in the London arbitration and Viking's counterclaim are, it is respectfully submitted, meritorious. I am therefore of the opinion that there is a strong likelihood that Viking will be successful in the arbitration proceedings in London, in which case they would be awarded recovery of their counterclaim as well as their legal and expert fees and would be entitled to recover as

EXHIBIT A

3

well the costs of the arbitration from the plaintiff, the total of which would be approximately $859,328.45.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 6th, 2007, at Piraeus, Greece.

_____
ANDREW JOHN DYER

EXHIBIT A