UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALDER SEACARRIER CORP., | 07 CV 6520 (LAK) |
| Plaintiff, | |
| -against- | |
| VIKING MARINE S.A., and SINORICHES | |
| GLOBAL LTD. a/k/a SGL SHIPPING | |
| LIMITED | |
| Defendant. | |

## MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION

Garth S. Wolfson (GW 7700)

Of Counsel

**MAHONEY & KEANE, LLP**
**Attorneys for Plaintiff**
**CALDER SEACARRIER CORP.**
**111 Broadway, Tenth Floor**
**New York, NY 10006**
**Tel. (212) 385-1422**

# TABLE OF CONTENTS

*Page*

ARGUMENT..................................................................................................................1

POINT I.    VIKING  HAS  FAILED  TO  BRING A VALID COUNTER-CLAIM
            SO AS  TO BE ENTITLED TO COUNTER-SECURITY........................1

POINT II.   IN  THE  ALTERNATIVE,  CALDER  WOULD  VOLUNTARILY
            VACATE THE ATTACHMENT, SOLELY AS AGAINST VIKING'S
            PROPERTY,  THUS MOOTING ANY GROUNDS FOR COUNTER-
            SECURITY.....................................................................................2

POINT III.  IN ANY EVENT,  THE AMOUNT OF ANY COUNTER-SECURITY
            SHOULD BE SIGNIFICANTLY LIMITED.......................................3

CONCLUSION...............................................................................................................4

## ARGUMENT

**POINT I.    VIKING HAS FAILED TO BRING A VALID COUNTER-CLAIM SO AS TO BE ENTITLED TO COUNTER-SECURITY.**

Rule E(7)(a) allows the Court to direct the plaintiff to post counter-security only "[w]hen a person who has given security for damages in the original action asserts a counter-claim that arises from the transaction or occurrence." As stated by the court in Torch Offshore, L.L.C. v. M/V Midnight Hunter, No. 03-343 Se. "L" (4), 2003 U.S. Dist. LEXIS 8421 (E.D. La. May 19, 2003):

> Cable has not filed a counter-claim in this case, but has made a demand in arbitration for Torch's alleged breach of the charter agreement. Cable asserts that it has complied with the rules and that to file a counter-claim would violate the arbitration provisions of the charter agreement. The Court finds that this is not the case. The plain language of Rule E(7)(a) provides that counter-security is appropriate only where the person seeking counter-security has filed a counter-claim as that term is understood in the Federal Rules of Civil Procedure. Accordingly, Cable's request for counter-security is DENIED.

Id. at **5-6; see also, Weeks Marine, Inc. v. M/V Unimaster, No. 97-1947 Sec. "R" (33), 1997 U.S. Dist. LEXIS 23472, **6-8 (E.D. La. Oct. 23, 1997) (Unimaster's counter-claim, however, is prohibited by the Tow Hire Contracts' forum selection clause . . . *Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims* of the Federal Rules of Civil Procedure allows for counter-security only when a counterclaim is asserted.").

In the case at bar, VIKING has not interposed an Answer as required by Supplemental Rule B(3)(b), and, indeed, is in default, since notice of the attachments were provided to VIKING more than 30 days ago. No counter-claim has been lodged before this Court, rendering VIKING's request for counter-security prima facie invalid under the Federal Rules.

- 2 -

In addition, aside from completely vague reference to VIKING's counter-claim for "breaches of charterparty" in that London arbitration, the actual allegations have not even been presented for meaningful analysis. Based on VIKING's showing, or lack of one, it is impossible to test whether VIKING's would qualify as true maritime claims arising out of the occurrence. Surely, VIKING's burden can not be met on this record.

**POINT II.    IN THE ALTERNATIVE, CALDER WOULD VOLUNTARILY VACATE THE ATTACHMENT, SOLELY AS AGAINST VIKING'S PROPERTY, THUS MOOTING ANY GROUNDS FOR COUNTER-SECURITY.**

Of course, counter-security under Rule E can only be demanded by a counter-claimant "who has given security for damages in the original action." Fed. R. Civ. P. Supp. R. E(7)(a); see also, Advisory Committee Notes ("Subdivision 7 is amended to make it clear that a plaintiff need give security to meet a counterclaim only when the counterclaim is asserted by a person who has given security to respond in damages in the original action.").

The burden on CALDER of posting counter-security would be prohibitive, relative to CALDER's assessment of the risk that VIKING might avoid payment on any award in arbitration. However, CALDER by no means views such risk similarly with respect to defendant SINORICHES GLOBAL LTD. a/k/a SGL SHIPPING LIMITED. Should the Court rule that VIKING is, in fact, entitled to counter-security, even though VIKING has brought no counter-claim, CALDER would thus ask the Court to vacate the attachment, as against VIKING only.

## POINT III.    IN ANY EVENT, THE AMOUNT OF ANY COUNTER-SECURITY SHOULD BE SIGNIFICANTLY LIMITED.

Rule E(7) "is not intended to impose burdensome costs on a plaintiff that might prevent it from bringing suit." Result Shipping v. Ferruzzi Trading USA, 56 F.3d 394, 399 (2d Cir. 1995). Rather, when the Rule is properly invoked, it should only serve to "place parties on an equality as regards security." Id.

Accordingly, when counter-security is ordered, it should not exceed the amount of the funds under attachment. See, Clipper Shipping Lines Ltd. v. Global Transporte Oceanico S.A., No. 06 Civ. 15299 (PKL), 2007 U.S. Dist. LEXIS 18827 (S.D.N.Y. Feb. 26, 2007) ("To order that Clipper post security for the full value of Global's counterclaim would not achieve equality because Global has not posted security for the full value of Clipper's claim against it."); Finecom Shipping Ltd. v. Multi Trade Enter. AG, No. 05 Civ. 6695 (GEL), 2005 WL 2838611, *2, 2005 U.S. Dist. LEXIS 25761, *6, 2005 A.M.C. 2952 (S.D.N.Y. Oct. 24, 2005).

CALDER has only succeeded in attaching VIKING funds in the amounts of $5,925.00 and $19,143.00 at J.P. Morgan and Citibank, respectively. The $25,068.00 amount of the funds actually attached should equate with the absolute maximum amount of counter-security which the Court would consider.

Furthermore, VIKING's purported counter-claim would be in the amount of $859,328.45, while the amount of the attachment order against VIKING is $950,000.00. Proportionately, therefore, the amount of any counter-security should really not exceed $22,675.42.

## CONCLUSION.

WHEREFORE, plaintiff, CALDER SEACARRIER CORP., respectfully urges the Court to deny VIKING's motion for counter-security and a stay of proceedings as against VIKING, or, in the alternative, limit the amount of the counter-security awarded to a sum proportionate to the size of the parties' claims and the sums under attachment, and grant to CALDER such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
       September 21, 2007

                                    Respectfully submitted,

                                    MAHONEY & KEANE, LLP
                                    Attorneys for Plaintiff
                                    **CALDER SEACARRIER CORP.**

                            By:     _____
                                    Garth S. Wolfson (GW 7700)
                                    111 Broadway, Tenth Floor
                                    New York, New York 10006
                                    Tel. (212) 385-1422
                                    Our File No. 12/3437