Xylas & Ziccardi, LLP
Attorneys for Defendant
Viking Marine S.A.
500 Fifth Avenue
New York, New York 10110
(212) 490-9352

Richard M. Ziccardi (RZ 6651)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
CALDER SEACARRIER CORP.,                    07 Civ. 6520 (LAK)

               Plaintiff,

      -against-

VIKING MARINE S.A. and SINORICHES

GLOBAL LTD, a/k/a SGL SHIPPING

LIMITED,

               Defendants.
-------------------------------------------------------X


DEFENDANT VIKING MARINE S.A. MEMORANDUM
OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO VIKING'S
<u>MOTION FOR COUNTER-SECURITY</u>


      Defendant Viking Marine S.A. ("Viking") appearing by and through its attorneys, XYLAS & ZICCARDI, LLP, submits the following in reply to plaintiff's Opposition to Defendant Viking's Motion for counter-security pursuant to Rule E (7) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Defendant Viking's appearance herein is restricted within the meaning of Supplemental Admiralty Rule E (8).

ARGUMENT

I.  VIKING HAS ASSERTED A COUNTERCLAIM WITHIN THE MEANING OF RULE E (7) AND IS ENTITLED TO COUNTER-SECURITY.

The declaration of Andrew John Dyer ("Dyer Declaration") attached as Exhibit A to Viking's memorandum of law in support of its motion for counter-security states, under penalty of perjury, that Viking asserted a counterclaim in the amount of $509,328.45 in the London arbitration of disputes between Plaintiff and Viking Marine relating to alleged breaches of the charterparty for the M/T VERA dated June 6, 2007. Mr. Dyer is an English solicitor and a partner with the firm of Hill Dickinson International, solicitors for Viking Marine in the London arbitration. Mr. Dyer also opines that the counterclaim is meritorious and estimates that the amounts to be awarded Viking for attorney's and expert's fees as well as costs if Viking were successful in the London arbitration would total approximately $350,000.00.

It is clear from the Dyer Declaration that Viking's counterclaim arises from alleged breaches of the very same charterparty that is the subject of the plaintiff's claims in London secured by the Rule B attachment in the present action. An alleged breach by plaintiff of said charterparty, which is indisputably a maritime contract, qualifies as a maritime claim as surely as plaintiff's allegation of a breach of the same charter party by Viking provided the basis for the Rule B attachment herein.

The authorities cited by plaintiff in its opposing memorandum in order to suggest that Viking's asserted counterclaim fails to satisfy Rule E (7) are unavailing. Both cases cited by plaintiff in Point I of its argument are distinguishable from the facts of present

matter. In <u>Torch Offshore, LLC vs. M/V MIDNIGHT HUNTER</u>, the party seeking counter-security did not file a counterclaim, but rather made a demand for arbitration, thus bringing the facts technically outside the language of Rule E (7). In <u>Weeks Marine, Inc. v. M/V UNIMASTER,</u> the counterclaim filed by the party seeking counter-security was in violation of a clear forum selection clause and thus dismissed.

In the instant case, the counterclaim filed by Viking in the London arbitration proceeding is squarely within the meaning and intent of Rule E (7) and is sufficient to invoke counter-security under that rule.

Finally, Viking is not in default with respect to the subject action as it has not been served properly with the summons and complaint. Viking is therefore not required to file an answer herein. Viking has entered a restricted appearance within the meaning of Supplemental Admiralty Rule E (8).

II. PLAINTIFF SHOULD NOT BE PERMITTED TO "OPT OUT" OF THIS ACTION IN ORDER TO AVOID POSTING COUNTER-SECURITY.

Plaintiff Calder Seacarrier sought the benefit and protections of this jurisdiction by filing the present action and obtaining an Order for Rule B attachment of assets of Viking Marine in this jurisdiction. Plaintiff, in fact, successfully obtained an Order permitting attachment of up to $950,000.00 of Viking's assets. Now, having succeeded in attaching only the sum of approximately $25,000.00, plaintiff suggests that it has reassessed "the risk that Viking might avoid payment on any award in arbitration". Plaintiff should have completed its assessment of said risk well before it sought a Rule B

Order from this Court and before it faced the present application for counter-security by Defendant Viking.

This Court, it is respectfully submitted, should not countenance a party seeking the benefits and protections of the busiest District Court in the Federal system and then electing to change its mind when faced with a valid claim for counter-security.

III.   THE COURT'S BROAD DISCRETION UNDER RULE E (7) SHOULD NOT BE ABROGATED BY APPLICATION OF A MECHANISTIC FORMULA.

It is well recognized that the Court possesses broad discretion in ruling upon a claim for counter-security under Rule E (7). The Court is also encouraged to place parties on an equality as regards security. The issue is whether placing parties on an equality requires abandoning all discretion and blindly adopting a mechanistic formula. We submit that it would be antithetical to the exercise of broad discretion by the Court to simply apply a mechanistic formula, either on a dollar for dollar basis or proportionally as suggested by the plaintiff herein.

While some decisions have indeed acceded to such reasoning, this type of mechanistic formula is not mandated by Rule E (7). Indeed, such results are not, it is respectfully submitted, effective in promoting either a true equality between the parties or an efficient administration of Rule B cases.

In the present action, plaintiff obtained an Order of attachment of assets of Viking Marine up to an amount of $950,000. To date, it has successfully attached approximately $25,000; but plaintiff retains the open-ended right to attach additional amounts up to the $950,000 figure. Notwithstanding this authority to augment its security, plaintiff

4

suggests it is now equitable to limit Viking's legitimate claim for counter-security to a figure well below the $859,328 amount estimated in the Dyer Declaration as necessary to cover the counterclaim as well as costs and fees recoverable in the London arbitration. This cannot be a sound exercise of the broad discretion envisioned when this rule was promulgated.

Rather, if the Court finds Viking's application for countersecurity meritorious, it should order Plaintiff to post the full amount of counter-security requested. This is indeed the literal command of Rule E (7), to order "security for damages demanded in the counter-claim". The parties would then be on an equal footing with Viking granted its full claim for counter-security just as plaintiff was granted the opportunity to attach its full claim of $950,000. Such an exercise of the Court's discretion may also serve to discourage retractable Rule B actions by plaintiffs facing meritorious counterclaims in foreign jurisdictions.

WHEREFORE, it is respectfully requested that this Honorable Court grant Viking's request for counter-security, and enter an Order pursuant to Supplemental Admiralty Rule E (7) requiring plaintiff Calder Seacarrier Corp. to post $859,328.45, or such other amount as this Court deems equitable as security for Viking's counterclaim so that plaintiff and defendant Viking can be on a true equality as regards security as they proceed with the London arbitration of their disputes. It is further requested that this Court enter an Order staying the proceedings herein until such time as the counter-security is posted, and vacating the attachment of Viking's assets in this District if

counter-security is not posted within ten days of an Order granting such counter-security, and granting such other and different relief as this Court may deem just and proper.

Dated: New York, New York  
       September 26, 2007

XYLAS & ZICCARDI, LLP  
Attorneys for Defendants  
Viking Marine S.A

S/_____  
Richard M. Ziccardi (RZ 6651)  
500 Fifth Avenue  
New York, New York 10110  
(212) 460-9352  
ziccardilaw@aol.com

To:    Garth S. Wolfson  
       Mahoney & Keane, LLP  
       Attorneys for Plaintiff  
       111 Broadway  
       New York, New York 10006  
       (212) 385-1422  
       gwolfson@mahoneykeane.com /ecf