**William R. Bennett, III (WB 1383)**
**Bennett, Giuliano, McDonnell & Perrone, LLP**
**Attorneys for Defendant**
**SINORCHES GLOBAL LTD.**
**225 West 34th Street, Suite 402**
**New York, New York 10122**
**Telephone:    (646) 328-0120**
**Facsimile:    (646) 328-0121**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

CALDER SEACARRIER CORP.,

                                                                                07 CV 6520 (LAK)

                    Plaintiff,

        - against –

VIKING MARINE S.A. and SINORICHES GLOBAL
LTD. a/k/a/ SGL SHIPPING LIMITED,

                    Defendants.

----------------------------------------------------------X

## NOTICE OF MOTION

| | |
|---|---|
| MOTION BY: | William R. Bennett, III<br>Bennett, Giuliano, McDonnell & Perrone, LLP<br>225 West 34th Street, Suite 402<br>New York, New York 10122<br>(646) 328-0120<br>(646) 328-0121 (Fax) |
| DATE and TIME: | To be determined by the Court |
| PLACE: | United States District Court<br>Southern District of New York |
| SUPPORTING PAPERS: | 1.    Memorandum of Law<br>2.    Declaration of Deng Jinjing<br>3.    Proposed Order |
| RELIEF DEMANDED: | Vacate Rule B Attachment. |

Dated:  New York, New York
        September 26, 2007

                           Bennett, Giuliano, McDonnell & Perrone, LLP
                           Attorneys for defendant Sinoriches Global, Ltd.


                           _____
                           William R. Bennett, III
                           225 West 34th Street, Suite 402
                           New York, New York 10122
                           Telephone:    (646) 328-0120


**TO:**    Garth Wolfson, Esq.
           Mahoney & Keane LLP
           111 Broadway, 10th Flr
           New York, New York 10006

           J. Pare, Esq.
           Nourse & Bowles
           One Exchange Plz
           55 Broadway
           New York, New York 10006

2

William R. Bennett, III (WB 1383)
Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant
SINORCHES GLOBAL LTD.
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:     (646) 328-0120
Facsimile:      (646) 328-0121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CALDER SEACARRIER CORP.,

                Plaintiff,

    - against –

VIKING MARINE S.A. and SINORICHES GLOBAL
LTD. a/k/a/ SGL SHIPPING LIMITED,

                Defendants.
-------------------------------------------------------------X

07 CV 6520 (LAK)

**DECLARATION OF
DENG JINJING**

       I, DENG JINJING, declare under the penalty of perjury under the laws of the United

States that the following is true and correct:

       1.     I am the Director of defendant Sinoriches Global Ltd, ("Sinoriches"),

(sued herein incorrectly as Sinoriches Global Ltd. a/k/a SGL Shipping Ltd.), and as such am

fully familiar with the facts stated herein, as well as the allegations alleged in the complaint.

       2.     The nature of Sinoriches business is marine transportation.

       3.     Sinoriches works with brokers, who act independently and not as agents of

Sinoriches, to assist Sinoriches with chartering of vessels. One of the brokers that Sinoriches has

dealt with is a Greek company called Sea Pride Maritime.

4.  In June of 2007, Sea Pride Maritime brokered a charter party between Universal Cargo Lines S.A., as owner, and Sinoriches as charterer for the M/V Vera. Sea Pride Maritime was acting as agent for the owners of the M/V VERA at that time.

5.  A copy of the Fixture Recap is attached hereto as Exhibit A.

6.  Sinoriches never entered into a Fixture Note, or any other type of contract, with Calder Seacarrier Corp. or Viking Marine S.A.

7.  The alleged Fixture Note negotiated by Sea Pride Maritime and M/S CALDER SEACARRIER was not sent, received, or agreed to by Sinoriches.

8.  I have read the complaint filed by M/S CALDER SEACARRIER and believe the allegations referring and relating to Sinoriches are false.

Date:    _19_ day of September 2007
         Dalian, China

                                          _____
                                                DENG JINJING

2

# EXHIBIT A

recap for changshu cargo
========================================================
    From: Seapride Maritime <seapride@otenet.gr>
      To: SINORICHES DALIAN <mail@sinoriches.com>
 Subject: Fw: mv vera / sinoriches  fixture recap
    Date: 2007-6-7 21:47:10
========================================================


   SEA PRIDE M A R I T I M E
   145 kolokotroni str-185 36 piraeus
   tel 0030 2104186485/8956521
   fax 0030 2108995481
   mob 0030 6944657474
   Bimco reg nmbr 116552
   seapride@otenet.gr

   ==========================

        FIXTURE RECAP  ON M.TERMS AGREED

Sub  stem/shippers/rcvrs  to be lifted within tday piraeus cob

chrs :messrs sinoriches global ltd
ows:dispows universal cargo lines s.a


MV VERA (EX ERA}
BC , BLT JUNE'77 JAPAN , DWT 38,931 MTS AT 11,40 MTRS SUMMER DRFT
PANAMA FLAG  - LOA:185,363 M , LBPP: 175,00 MTRS , BREADTH: 27,80 M
DEPTH: 16,20 M - GRT/NRT  23,353/12,683
4 CRNS X 15 SWL TS,  Cranes outreach abt 8,7 mtrs
5 HO/HA , HA COVERS "ERMANS STEEL ROLLING"  - TPC:45,7
GRAIN/BALE :48.563 / 47.544 CBM ,
PANAMA GRT/NRT : 25006/18764 , CO2 FITTED.
HOLDS CUBIC BREAKDOWN
GRAIN M3    BALE M3
      1           8442          8244
      2          10056          9848
      3          10210          9981
      4          10045          9837
      5           9810          9634
TOTAL   G/B  48563/ 47544 m3 OR  IN CBFT : 1,714.990/1,679.000
 CO2 FITTED - SUEZ/PANAMA FITTED
 AUSSIE HOLD LADDER FITTED
DIMS OF HATCHES:
H/1          - 15.07 X 11.20 M
H/2,3,4,5  - 16.80 X 14.40 M
DIMS OF HOLDS:
 H/1=LENGTH 25,34m =BRDTH F/17,60-21,20m -BRDTH A/26,95m
 H/2=LENGTH/BREADTH (L/B): 27,20/26,95m
 H/3=L/B: 26,40/26,95m
 H/4=L/B: 27,20/26,95m
 H/5=L:27,20m -BRGDTH F/26,95m -BRGDTH A/22,75-26,75m

 HOLDS HEIGHT : UP TO COMINGS       - 13.91 M
 UP TO HATCH COVERS - 18.45 M

 TANKTOP CLEAR DEMENTIONS:
 H/1=L/24,65m -BREADTH F/A 10,00/20,80m
 H/2=L/B 25,80/20,80m
 H/3=L/B 25,30/20,80m
 H/4=L/B 25,80/20,80m

                                    Page 1

```
                            recap for changshu cargo
  H/5=L/26,50m -BREADTH F/20,80m
        BREADTH M/19,60m (In distance of 14,4M fm fore bulkhead-frame NR 54)
        BREADTH A/14,40m

  STRENGTH:
  MAIN DECK  1,8 t/sq.m -Hcovers 0.2t/sqmtr
  H/1 20,0 t/sq.m -H/2 N 4 16,80 t/sq.m -H/3 21,0 t/sq.m - H/5 17,7 t/sq.m

   =FULLY LOADED WITH DRAFT F/A 11,11/11,76m
   H/1 7,13m;    H/5 6,71m   A/DRAFT 35,48m
CLASS:R.R.S
IMO NR. 7533109
ADA  WOG

-part cgo bss
-1gsb changshu /1gsb ravenna
 owners berth bends n owner to satisfy with themselved both ends
-for  20.000/21.000 mt cgo steels prods at chopt
 Prelimitory breakdown:
 5000mt s.plate length:8-12m max weight:15mt;
 4500mt s.pipes length:5-11m,o/d:60-180mm,thick:16-30mm;
 5800mt s.pipes in bundles small o/d,length:6-12m;
 2500mt s.coils weigth:7-15mt
 1200mt h-beam length:15m
 sub to know the full packing list of all  parcels. pls adv wether in bdls or loose
      (4500 mt pipes/h-beams)
 THE Actual qty to be confirmed one day prior arrival at lport.
-No tiers limitation
-laycan 13/19th june  (eta 13th  june wp)
-cqd be /detention usd 25.000 dly/prta -detention cl as per previous fixture
 chrs confirming 24 cons hours  loading operation  shincl
-frt usd 74 per mt or per cbm whatever is greater fios lsd payable 100pct in usa
curency
 to ows nom bank/acc within 5bd after compl loading.congenbill bs'l to be issued
 marked 'frt payable as per c/p'  fdeosdanrvaoclonl.
-clean bill tobe issue and any remarks in mates receipt to be covered by chtrs loi
to
 be counter signed by shippers in owenrs pni wording.
 chrs confirming that cgo is a new production and its not rusty or clearly
 damaged. for minor remarks only if any chrs to issue their loi in ows p+i club
 wording counter signed by shippers against  issuance of cob bs'l.
-free exins due her age
-ows agents be
-free taxes/dues on frt/cgo
-4w and nor even by cable be
-g.a & arbitration london/english law to apply
-owise gcn 94 with 3.75pct address .owise as per previous fixture 27th april mv
str.attractor
end

pls  confirm clean by return
reverting with lport agents nom after the lifting  of subs.
pls pass the full  packing lists.
pls adv shippers full style address

brgrds
nnnn
```

Standard Chartered Straight2Bank    Standard Chartered 

Straight2Bank  Print Page  Close Window

Telegraphic Transfer Printed On  12/07/2007

| | | | |
|---|---|---|---|
| **Status :** | Received | **Customer Reference :** | UNIVERSAL CARGO |
| **Payment Reference :** | Q0000136 | **Batch Reference :** | C0000134 |
| **Payment/Value Date :** | 12/07/2007 | **Import Reference :** | |
| **Debit Date :** | | **BO Reference :** | |
| **Input By :** | BEST75 | | |
| **Sub Batch Reference :** | | | |

**Debit Information**

| | |
|---|---|
| **Payment Center :** | HK-HKG |
| **Company Name :** | OD SHIPPING LIMITED |
| **Debit Account :** | 42900757961 |

**Payee/Beneficiary Information**

| | | | |
|---|---|---|---|
| **Payee/Beneficiary ID :** | UNIVERSAL CARGO | **Payee/BeneficiaryName :** | UNIVERSAL CARGO LINES S.A. |
| **Payment Center :** | HK-HKG | **Address 1 :** | |
| **Account Number :** | 5114032519273 | **Address 2 :** | |
| **Bank :** | PIREAUS BANK S A ATHENS | **Address 3 :** | |
| **Bank Code :** | PIRBGRAAXXX | **Fax Number :** | |
| **Branch Name :** | | **Email ID :** | |
| **Branch Code :** | | **Tax ID :** | |
| **Intermediary Bank** | | **Local Language** | |
| **Name :** | | **Information :** | |
| **Intermediary Bank** | | **Payee/BeneficiaryName :** | UNIVERSAL CARGO LINES S.A. |
| **Code :** | | | |
| **TT Beneficiary Bank** | | **Address 1 :** | |
| **Details :** | | **Address 2 :** | |
| | | **Address 3 :** | |
| | | **Address 4 :** | |

**Payment Details**

| | |
|---|---|
| | M/V VERA-SINORICHES FREIGHT |
| **Local Language :** | M/V VERA-SINORICHES FREIGHT |

**Payment Memos**

| | |
|---|---|
| **Internal Memo :** | |
| **External Memo :** | |

**Payment Amount**

| | | | |
|---|---|---|---|
| **Currency :** | USD | **Payment Amount :** | 131,261.13 |
| **Gross Amount :** | 131,261.13 | **Payee/Beneficiary** | |
| **Tax & Discount :** | 0.00 | **Charge :** | 0.00 |
| | | **Net Amount :** | 131,261.13 |

Discount & Tax Details

**Discount**

| | | | |
|---|---|---|---|
| **Gross Amount :** | 131,261.13 | | |
| **Type :** | | | |
| **Rate (%) :** | | | |
| **Discount :** | 0.00 | | |
| | | **Total Discount & Tax :** | 0.00 |

**Charges, Miscellaneous**

**Local Charges :**  Me

**Overseas Charges :** Payee/Beneficiary

---

**FX Contract Details**

| | |
|---|---|
| **Rate Type :** | Not Applicable |
| **Exchange Rate :** | 1 |
| **Debit Currency :** | USD |
| **Debit Currency** | |
| **Equivalent :** | 131,261.13 |
| **Contract Number :** | |

---

**Instruction Codes**                                    **Regulatory Reporting**

---

William R. Bennett, III (WB 1383)
Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant
SINORCHES GLOBAL LTD. a/k/a
SGL SHIPPING LIMITED
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:    (646) 328-0120
Facsimile:    (646) 328-0121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CALDER SEACARRIER CORP.,

                 Plaintiff,

   - against –

VIKING MARINE S.A. and SINORICHES GLOBAL
LTD. a/k/a/ SGL SHIPPING LIMITED,

                 Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO VACATE ATTACHMENT AND DISMISS COMPLAINT

**INTRODUCTION**

Defendant, Sinoriches Global Limited ("Sinoriches"), submits this Memorandum of Law in support of its motion to vacate the maritime attachment obtained by Plaintiff pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. Plaintiff's attachment must be vacated under Fed.R.Civ.P.Supp. Rules B and E(4)(f) because Plaintiff has failed to allege an admiralty or maritime claim against Sinoriches as required by Rule B.

As noticed below, there is no maritime contact by and between Sinoriches and Calder Seacarrier Corp. ("Calder"). Defendant Sinoriches submits, concurrently with this Memorandum of Law, the Declaration of Deng Jinjing, a director of Sinoriches.

**STATEMENT OF FACTS**

Plaintiff sought and obtained an *ex parte* Order from this Court dated August 1, 2007 directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment to a number of New York intermediary banks. The Clerk, thereafter, issued such process and on or about August 5, 2007, an electronic funds transfer belonging to Sinoriches was attached while temporarily in the possession of one of the New York intermediary banks while en route to its ultimate destination.

Plaintiff's Complaint sought a maritime attachment to obtain security for damages alleged suffered due to an alleged breach of contract by defendant Viking Marine S.A. ("Viking") when Viking failed to provide a vessel pursuant to a charter party. There is no contract, however, between plaintiff and Sinoriches (Dec. of Deng Jinjing at ¶ 4-7) and, accordingly, no cause of action for breach of a maritime contract exists against Sinoriches.

2

Plaintiff alleges that it chartered the M/V VERA from co-defendant Viking under a charter party[1] dated on or before June 6, 2007, and that Viking did not provide a vessel as required under the charter party. (Complaint, ¶ 5.) In paragraph 18 of its Complaint, Plaintiff implies that defendant Sinoriches is bound by the terms and conditions of the charter party and responsible for the actions of Viking. (Complaint, ¶ 18.) Plaintiff is dead wrong.

Sinoriches never entered into or signed a charter party or contract of affreightment with plaintiff. (Jinjing Dec. ¶ 6.) Sinoriches never contracted with Viking. (Jingjing Dec. ¶6.) and denies it entered into any agreement with plaintiff. (Jinjing Dec, ¶ 4-7). The Fixture Note that plaintiff relies on was not sent to Sinoriches for an approval or acceptance. The Fixture Note plaintiff relies on does not incorporate any agreements involving Sinoriches, or any alleged agreement to arbitrate disputes with Sinoriches.    In short, Sinoriches' sole contractual relationship was with Universal Cargo, whom it paid for its services. (Jinjing, ¶ 4). A copy of the Fixture Note with Universal Cargo and evidence of payment to Universal is attached as Exhibit A to the Jinjing declaration.

Sinoriches never had dealings with defendant Viking prior to the Fixture Note. Sinoriches does not own or control any of the shares of Viking and Viking does not own or control ay of the shares of Sinoriches.  The two companies do not share officers, directors, employees, bank accounts or office space.  Each is entirely independent of the other. In short, Sinoriches is not the later ego of Viking.

As noted in Exhibit A to the Jinjing defendants, the bank wire transfer confirmation shows that Sinoriches paid Universal for its services. Plainittf cannot provide and has not

---

[1]  'A charter party is a specific contract, bya which the owners of a vessel let the entire vessel, or some principal part thereof, to another person, to be used by the latter in transportation for his own account, either under their charge or his." *Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817, 823 (2d Cir. 2006).

provided any evidence that there is a contract or other obligation between Sinoriches and Calder sufficient to support the attachment, which must be vacated.

## POINT I

### PLAINTIFF CANNOT MEET ITS BURDEN TO SUSTAIN THE ATTACHMENT AT A RULE E(4)(f) HEARING BECAUSE IT HAS NOT ESTABLISHED A *PRIMA FACIE* ADMIRALITY CLAM AGAINST SINORICHES

Fed.R.Civ.P.Supp. Rule E(4)(f) requires that "any person claiming an interest in [the attached property] shall be entitled to a prompt hearing at which the *plaintiff* shall be required to show why the … attachment should not be vacated or other relief granted consistent with these rules" [emphasis added]. "Therefore, the plaintiff has the burden to show that the attachment should not be vacated, and at the hearing the defendant can attack 'the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings.'" *Dolco Investments, Ltd., Cypress v. Moonriver Developments Ltd.*, 486 F.Supp.2d 261, 265-6 (S.D.N.Y. 2007), *quoting* Fed.R.Civ.P. Supp. Rule E(4)(f), Advisory Committee's Note.

A plaintiff bears a five-fold burden at a Rule E(4)(f) hearing challenging a Rule B attachment. Plaintiff must show that:

    (a) it has met the filing and service requirement of Supplemental Rules B and E;

    (b) it has a valid *prima facie* admiralty claim against the defendant whose assets were attached;

    (c) the named defendant cannot be found within the district;

    (d) the named defendant's property is within the district; and

    (e) there is no statutory or maritime law bar to the attachment.

4

*Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty, Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006). Because Plaintiff cannot meet its burden with respect to *Aqua Stoli* factor (b), i.e. that it has a valid *prima facie* admiralty claim against Sinoriches, its attachment of Sinoriches funds must be vacated.

To sustain its attachment of Sinoriches' funds, Plaintiff must establish that it has an *in personam* claim which is cognizable in admiralty against the defendant. *Winter Storm Shipping Ltd. v. TPI*, 310 F.3d 263, 268 (2d Cir. 2002). *Aqua Stoli* elaborated that, in order to withstand a motion to vacate, plaintiff must have a "valid *prima facie* admiralty claim against the defendant." 460 F.3d at 445. In other words, an *in personam* claim against Viking will not suffice for a Rule B attachment against the assets of Sinroiches.

The Second Circuit "has not stated exactly what a plaintiff must show to make out a '*prima facie* admiralty claim.'" *Transportes Navieros Terrestes, S.A. De D.V. v. Fairmount Heavy Transport N.V.*, No. 07 CV 3076, 2007 U.S. Dist. LEXIS 50260, at *10 (S.D.N.Y. July 6, 2007). As a result, a split has developed in this district as to the relevant test for evaluating the adequacy of the admiralty claim. *Compare Wajilam Exps. (Sngapore) Pte. Ltd. v. ATL Shipping Ltd.*, 475 F.Supp. 2d 275 (S.D.N.Y. 2006) (holding that the applicable standard for establishing the *Aqua Stoli* factors is whether plaintiff has demonstrated "reasonable grounds" for the attachment), with *Tide Line, Inc. v. Eastrade Commodities, Inc.*, No. 06 Civ. 1979, 2006 U.S. Dist. LEXIS 95870, at *14-15 (S.D.N.Y. August 16, 2006) (collecting cases and holding that a "reasonable grounds" or "probable cause" test is inconsistent with the more limited and less fact-intensive Rule E(4)(f) inquiry demanded by *Aqua Stoli* and concluding that a plaintiff can rely solely on the allegations of his Complaint to establish that his admiralty claim is a valid "*prima facie*" one).

The foregoing split in authority need not concern this Court. Regardless of which standard is applied, Plaintiff cannot establish a valid *prima facie* admiralty claim against Sinoriches because Plaintiff has no contract with Sinoriches; it has only its alleged agreement with Viking to which Sinoriches was not a party. Plaintiff has not supplied the Court with anything remotely resembling "reasonable grounds" or "probable cause" for why Sinoriches' property should be attached.

Rule E(2)(a) provides:

> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

The Second Circuit has held that the "standard for the particularity of complaints [filed pursuant to the Supplemental Rules] is more stringent than the pleading requirements of the Federal Rules of Civil Procedure." *United States v. 4492 Livonia Rd.*, 889 F.2d 1258, 1266 (2d Civ. 1989), *reh'g denied*, 897 F.2d 659 (2d Cir. 1990); *accord, United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1547 n.20 (11th Cir. 1987); *see also United States v. 1,920,000 Cigarettes*, No. 02-Vc-437A, 2003 WL 21730528, at *3 (W.D.N.Y. Mar. 31, 2003) (in forefeiture context, standards under Rule C (2)(b) and Rule E(2)(a) are "more stringent that the general pleading requirements set forth in the Federal Rules of Civil procedure"). While Rule 8 of the Fed.R.Civ.P. may permit "bare-bones" liberal notice pleading, Supplemental Rule E(2)(a) requires more. *Tide Line*, 2006 U.S. Dist. LEXIS at *23-24.

A leading case on the proper construction of Fed.R.Civ.P. Supp. Rule E(2)(a) is *Riverway Co. v. Spivey Marine & Harbor Service Co.*, 598 F.Supp. 909 (S.D. Ill. 1984), which involved an

6

*in rem* proceeding against a tugboat. The *Riverway* Court said that vessel owners "are entitled to freedom from the threat of seizure of their livelihood *upon conclusory allegations* and dubious circumstances." *Id.* at 913 (emphasis added). The Court further noted that Rule E(2)(a)'s requirement for "[p]leading specific circumstances is one part of the process which guards against the improper use of admiralty seizure proceedings." *Id.*

Here, having obtained the advantage of an *ex parte* seizure remedy, Plaintiff is bound by, yet has not met, the more stringent pleading requirements of Rule E(2)(a). Plaintiff has not alleged an admiralty claim sufficient to permit the Rule B attachment to continue, accordingly, the attached should be vacated.

## CONCLUSION

For all the foregoing reasons, Plaintiff's attachment of Defendant Sinoriches' funds should be vacated, garnishee Wachovia Bank should be ordered to release said funds and the Verified Complaint should be dismissed with prejudice as against Sinoriches, with attorneys' fees and costs.

Dated: New York, New York
       September 26, 2007

                              Bennett, Giuliano, McDonnell & Perrone, LLP
                              Attorneys for Defendant Calder Seacarrier Corp.


                              William R. Bennett, III
                              225 West 34th Street, Suite 402
                              New York, New York 10122
                              Telephone:    (646) 328-0120

7