William R. Bennett, III (WB 1383)
Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant
SINORCHES GLOBAL LTD. a/k/a
SGL SHIPPING LIMITED
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:    (646) 328-0120
Facsimile:    (646) 328-0121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CALDER SEACARRIER CORP.,

                    Plaintiff,

     - against –

VIKING MARINE S.A. and SINORICHES GLOBAL
LTD. a/k/a/ SGL SHIPPING LIMITED,

                    Defendants.
------------------------------------------------------------X

### MEMORANDUM OF LAW IN SUPPORT OF MOTION
### TO VACATE ATTACHMENT AND DISMISS COMPLAINT

## INTRODUCTION

Defendant, Sinoriches Global Limited ("Sinoriches"), submits this Memorandum of Law in support of its motion to vacate the maritime attachment obtained by Plaintiff pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. Plaintiff's attachment must be vacated under Fed.R.Civ.P.Supp. Rules B and E(4)(f) because Plaintiff has failed to allege an admiralty or maritime claim against Sinoriches as required by Rule B.

As noticed below, there is no maritime contact by and between Sinoriches and Calder Seacarrier Corp. ("Calder"). Defendant Sinoriches submits, concurrently with this Memorandum of Law, the Declaration of Deng Jinjing, a director of Sinoriches.

## STATEMENT OF FACTS

Plaintiff sought and obtained an *ex parte* Order from this Court dated August 1, 2007 directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment to a number of New York intermediary banks.  The Clerk, thereafter, issued such process  and on or about August 5, 2007, an electronic funds transfer belonging to Sinoriches was attached while temporarily in the possession of one of the New York intermediary banks while en route to its ultimate destination.

Plaintiff's Complaint sought a maritime attachment to obtain security for damages alleged suffered due to an alleged breach of contract by defendant Viking Marine S.A. ("Viking") when Viking failed to provide a vessel pursuant to a charter party. There is no contract, however, between plaintiff and Sinoriches (Dec. of Deng Jinjing at ¶ 4-7) and, accordingly, no cause of action for breach of a maritime contract exists against Sinoriches.

2

Plaintiff alleges that it chartered the M/V VERA from co-defendant Viking under a charter party[1] dated on or before June 6, 2007, and that Viking did not provide a vessel as required under the charter party. (Complaint, ¶ 5.)  In paragraph 18 of its Complaint, Plaintiff implies that defendant Sinoriches is bound by the terms and conditions of the charter party and responsible for the actions of Viking. (Complaint, ¶ 18.) Plaintiff is dead wrong.

Sinoriches never entered into or signed a charter party or contract of affreightment with plaintiff. (Jinjing Dec. ¶ 6.)  Sinoriches never contracted with Viking. (Jingjing Dec. ¶6.) and denies it entered into any agreement with plaintiff. (Jinjing Dec, ¶ 4-7).  The Fixture Note that plaintiff relies on was not sent to Sinoriches for an approval or acceptance. The Fixture Note plaintiff relies on does not incorporate any agreements involving Sinoriches, or any alleged agreement to arbitrate disputes with Sinoriches.   In short, Sinoriches' sole contractual relationship was with Universal Cargo, whom it paid for its services. (Jinjing, ¶ 4). A copy of the Fixture Note with Universal Cargo and evidence of payment to Universal is attached as Exhibit A to the Jinjing declaration.

Sinoriches never had dealings with defendant Viking prior to the Fixture Note. Sinoriches does not own or control any of the shares of Viking and Viking does not own or control ay of the shares of Sinoriches.  The two companies do not share officers, directors, employees, bank accounts or office space.  Each is entirely independent of the other. In short, Sinoriches is not the later ego of Viking.

As noted in Exhibit A to the Jinjing defendants, the bank wire transfer confirmation shows that Sinoriches paid Universal for its services. Plainittf cannot provide and has not

---

[1]  'A charter party is a specific contract, bya which the owners of a vessel let the entire vessel, or some principal part thereof, to another person, to be used by the latter in transportation for his own account, either under their charge or his." *Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817, 823 (2d Cir. 2006).

provided any evidence that there is a contract or other obligation between Sinoriches and Calder sufficient to support the attachment, which must be vacated.

**POINT I**

**PLAINTIFF CANNOT MEET ITS BURDEN TO SUSTAIN THE ATTACHMENT AT A RULE E(4)(f) HEARING BECAUSE IT HAS NOT ESTABLISHED A *PRIMA FACIE* ADMIRALITY CLAM AGAINST SINORICHES**

Fed.R.Civ.P.Supp. Rule E(4)(f) requires that "any person claiming an interest in [the attached property] shall be entitled to a prompt hearing at which the *plaintiff* shall be required to show why the … attachment should not be vacated or other relief granted consistent with these rules" [emphasis added]. "Therefore, the plaintiff has the burden to show that the attachment should not be vacated, and at the hearing the defendant can attack 'the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings.'" *Dolco Investments, Ltd., Cypress v. Moonriver Developments Ltd.*, 486 F.Supp.2d 261, 265-6 (S.D.N.Y. 2007), *quoting* Fed.R.Civ.P. Supp. Rule E(4)(f), Advisory Committee's Note.

A plaintiff bears a five-fold burden at a Rule E(4)(f) hearing challenging a Rule B attachment. Plaintiff must show that:

> (a) it has met the filing and service requirement of Supplemental Rules B and E;
>
> (b) it has a valid *prima facie* admiralty claim against the defendant whose assets were attached;
>
> (c) the named defendant cannot be found within the district;
>
> (d) the named defendant's property is within the district; and
>
> (e) there is no statutory or maritime law bar to the attachment.

*Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty, Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006). Because Plaintiff cannot meet its burden with respect to *Aqua Stoli* factor (b), i.e. that it has a valid *prima facie* admiralty claim against Sinoriches, its attachment of Sinoriches funds must be vacated.

To sustain its attachment of Sinoriches' funds, Plaintiff must establish that it has an *in personam* claim which is cognizable in admiralty against the defendant. *Winter Storm Shipping Ltd. v. TPI*, 310 F.3d 263, 268 (2d Cir. 2002). *Aqua Stoli* elaborated that, in order to withstand a motion to vacate, plaintiff must have a "valid *prima facie* admiralty claim against the defendant." 460 F.3d at 445. In other words, an *in personam* claim against Viking will not suffice for a Rule B attachment against the assets of Sinroiches.

The Second Circuit "has not stated exactly what a plaintiff must show to make out a '*prima facie* admiralty claim.'" *Transportes Navieros Terrestes, S.A. De D.V. v. Fairmount Heavy Transport N.V.*, No. 07 CV 3076, 2007 U.S. Dist. LEXIS 50260, at *10 (S.D.N.Y. July 6, 2007). As a result, a split has developed in this district as to the relevant test for evaluating the adequacy of the admiralty claim. *Compare Wajilam Exps. (Sngapore) Pte. Ltd. v. ATL Shipping Ltd.*, 475 F.Supp. 2d 275 (S.D.N.Y. 2006) (holding that the applicable standard for establishing the *Aqua Stoli* factors is whether plaintiff has demonstrated "reasonable grounds" for the attachment), *with Tide Line, Inc. v. Eastrade Commodities, Inc.*, No. 06 Civ. 1979, 2006 U.S. Dist. LEXIS 95870, at *14-15 (S.D.N.Y. August 16, 2006) (collecting cases and holding that a "reasonable grounds" or "probable cause" test is inconsistent with the more limited and less fact-intensive Rule E(4)(f) inquiry demanded by *Aqua Stoli* and concluding that a plaintiff can rely solely on the allegations of his Complaint to establish that his admiralty claim is a valid "*prima facie*" one).

5

The foregoing split in authority need not concern this Court. Regardless of which standard is applied, Plaintiff cannot establish a valid *prima facie* admiralty claim against Sinoriches because Plaintiff has no contract with Sinoriches; it has only its alleged agreement with Viking to which Sinoriches was not a party. Plaintiff has not supplied the Court with anything remotely resembling "reasonable grounds" or "probable cause" for why Sinoriches' property should be attached.

Rule E(2)(a) provides:

> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

The Second Circuit has held that the "standard for the particularity of complaints [filed pursuant to the Supplemental Rules] is more stringent than the pleading requirements of the Federal Rules of Civil Procedure." *United States v. 4492 Livonia Rd.*, 889 F.2d 1258, 1266 (2d Civ. 1989), *reh'g denied*, 897 F.2d 659 (2d Cir. 1990); *accord, United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1547 n.20 (11th Cir. 1987); *see also United States v. 1,920,000 Cigarettes*, No. 02-Vc-437A, 2003 WL 21730528, at *3 (W.D.N.Y. Mar. 31, 2003) (in forefeiture context, standards under Rule C (2)(b) and Rule E(2)(a) are "more stringent that the general pleading requirements set forth in the Federal Rules of Civil procedure"). While Rule 8 of the Fed.R.Civ.P. may permit "bare-bones" liberal notice pleading, Supplemental Rule E(2)(a) requires more. *Tide Line*, 2006 U.S. Dist. LEXIS at *23-24.

A leading case on the proper construction of Fed.R.Civ.P. Supp. Rule E(2)(a) is *Riverway Co. v. Spivey Marine & Harbor Service Co.*, 598 F.Supp. 909 (S.D. Ill. 1984), which involved an

*in rem* proceeding against a tugboat. The *Riverway* Court said that vessel owners "are entitled to freedom from the threat of seizure of their livelihood *upon conclusory allegations* and dubious circumstances." *Id.* at 913 (emphasis added). The Court further noted that Rule E(2)(a)'s requirement for "[p]leading specific circumstances is one part of the process which guards against the improper use of admiralty seizure proceedings." *Id.*

Here, having obtained the advantage of an *ex parte* seizure remedy, Plaintiff is bound by, yet has not met, the more stringent pleading requirements of Rule E(2)(a). Plaintiff has not alleged an admiralty claim sufficient to permit the Rule B attachment to continue, accordingly, the attached should be vacated.

## CONCLUSION

For all the foregoing reasons, Plaintiff's attachment of Defendant Sinoriches' funds should be vacated, garnishee Wachovia Bank should be ordered to release said funds and the Verified Complaint should be dismissed with prejudice as against Sinoriches, with attorneys' fees and costs.

Dated: New York, New York
        September 26, 2007

                                        Bennett, Giuliano, McDonnell & Perrone, LLP
                                        Attorneys for Defendant Calder Seacarrier Corp.


                                        William R. Bennett, III
                                        225 West 34th Street, Suite 402
                                        New York, New York 10122
                                        Telephone:     (646) 328-0120

7