```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
CALDER SEACARRIER CORP.,                    07 Civ. 6520 (LAK)

                    Plaintiff,
        -against-

VIKING MARINE S.A. and SINORICHES
GLOBAL LTD, a/k/a SGL SHIPPING
LIMITED,

                    Defendants.
---------------------------------------X
```

## MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION

Garth S. Wolfson (GW 7700)

    Of Counsel

MAHONEY & KEANE, LLP
Attorneys for Plaintiff
CALDER SEACARRIER CORP.
111 Broadway, Tenth Floor
New York, NY 10006
Tel. (212) 385-1422

TABLE OF CONTENTS

*Page*

COUNTER-STATEMENT OF FACTS......................................1

ARGUMENT........................................................3

POINT I.        CALDER HAS ALLEGED A PRIMA FACIE MARTIME
                CLAIM UNDER RULE B..............................3

CONCLUSION......................................................7

**COUNTER-STATEMENT OF FACTS**

As stated in its pleadings, CALDER alleges, inter alia, that "[o]n or about June 7, 2007, Plaintiff, as it was entitled to do so under its Charter with VIKING, and Defendant SINORICHES, as shipper, entered into a contract of affreightment ("fixture agreement") for the shipment of a cargo of steel products on board the M/V VERA." (Complaint, Exhibit 1 to Wolfson Declaration, at ¶ 18). CALDER asserts that "Defendant SINORICHES wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject contract of affreightment by, inter alia, failing to pay freight." Id. at ¶ 20.

CALDER's in personam claim for breach of the fixture with SINORICHES is the subject of arbitration in London, as required pursuant to the fixture, and the complaint now before the Court seeks security pursuant to Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims. (Complaint, Exhibit 1 to Wolfson Declaration, at ¶¶ 12-31).

To the extent the Court is inclined to look beyond the pleadings, SINORICHES's purported "Director," Deng Jinjing, while denying that SINORICHES entered into a fixture with CALDER, has submitted a Declaration admitting that "[o]ne of

- 1 -

the brokers that Sinoriches has dealt with is a Greek company called Sea Pride Maritime." (Deng Declaration, at ¶ 3).

And the manager of the CALDER chartering department, as well as SINORICHES's own shipbroker at Seapride, have also now submitted Declarations averring, in no uncertain terms, that SINORICHES did, in fact, fix the M/V VERA with CALDER. (Mihalitsis Declaration, Exhibit 2 to Wolfson Declaration; Souklaras Declaration, Exhibit 3 to Wolfson Declaration).

The VERA fixture recap shows clearly on its face "messrs sinoriches global ltd" as "ch[artere]rs" and "calder seacarrier corp." as "disp[onent ]ow[ner]s." (Exhibit 2F to Wolfson Declaration; Exhibit 3F to Wolfson Declaration).

CALDER's and Seapride's witnesses have also declared that Seapride, under the same actual and apparent authority of SINORICHES, has in the same manner fixed other vessels with CALDER. (Mihalitsis Declaration, Exhibit 2 to Wolfson Declaration; Souklaras Declaration, Exhibit 3 to Wolfson Declaration). And they have even attached copies of some of those prior fixtures. (Exhibits 2A-E to Wolfson Declaration; Exhibits 3A-E to Wolfson Declaration).

Thus, whether or not SINORICHES's chose to enter into a new fixture directly with VIKING in breach of SINORICHES charter with CALDER, there can be no doubt that a valid fixture did exist as between CALDER and SINORICHES.

<u>ARGUMENT</u>

**POINT I.   CALDER HAS ALLEGED A <u>PRIMA FACIE</u> MARITIME CLAIM UNDER RULE B.**

As discussed in the Memorandum of Law submitted by SINORICHES, as recently clarified by the Second Circuit in <u>Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty, Ltd.</u>, 460 F.3d 434 (2d Cir. 2006), the Court should look only to the pleadings to determine whether the <u>prima facie</u> requirements of Rule B have been met. "'[O]f the courts in this district to have considered the issue, the majority have interpreted *Aqua Stoli* to require the application of the *prima facie* standard when considering the adequacy of the claim asserted in the context of a maritime attachment.'" <u>Transportes Navieros y Terrestes, S.A. de D.V. v. Fairmount Heavy Transp. N.V.</u>, No. 07 Civ. 3076 (LAP), 2007 U.S. Dist. LEXIS 50260, *9 (S.D.N.Y. Jul. 6, 2007) (quoting <u>OGI Oceangate Transp. Co. v. RP Logistics Pvt. Ltd.</u>, No. 06-9441, 2007 U.S. Dist. LEXIS 46841 (S.D.N.Y. Jun. 26, 2007) (citing cases)).

But, under any standard, "maritime plaintiffs are not required to prove their cases at this stage of a Rule E(4) hearing." Id. at *12 (citing SPL Shipping Ltd. v. Gujurat Cheminex Ltd., No. 06-15375, 2007 U.S. Dist. LEXIS 18562, 2007 WL 831810, *2 (S.D.N.Y. Mar. 15, 2007)); see also, Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd., 475 F. Supp. 2d 275, 280-281 (S.D.N.Y. 2006) (under "reasonable grounds" standard, declining to vacate Rule B attachment due to conflicting evidence concerning the parties to a fixture recap).

"To bring owners and charterers together, it is the custom of the industry to deal through brokers who receive and send telex traffic all over the world." Great Circle Lines, Ltd. v. Matheson & Co., 681 F.2d 121, 125 (2d Cir. 1982); see also, U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135, 149 (2d Cir. 2001) ("Under *Great Circle Lines*, the September 26, 1995 'recap,' which is 'a commitment that a voyage will be performed,' and one which 'presupposes a final contract, with main terms set, and final details to be resolved subsequently.") (quoting Great Circle, 681 F.2d at 125 n.2)); Interocean Shipping Co. v. National Shipping and Trading Corp., 523 F.2d 527, 537 (2d Cir. 1975) ("It is immaterial that De Salvo thought of himself as a 'broker' and

-4-

not as an 'agent' of Hellenic or National or Interocean, or that H.T. did not intend to make De Salvo an agent. Agency is a legal concept which depends on the manifest conduct of the parties, not their intentions or beliefs as to what they have done.").

In the complaint at bar, CALDER clearly identified the fixture agreement by its date, the parties to it, the vessel involved, and the type of cargo to be carried and further alleged the breach by SINORICHES in failing to pay the freight owed. (Complaint, Exhibit 1 to Wolfson Declaration, at ¶¶ 18-20). It is difficult to fathom how this could possibly be viewed as anything other the most paradigmatic kind of maritime claim or what further particularity can reasonably be required to put SINORICHES on notice of the claim.

SINORICHES's argument, that CALDER is mistaken, and that SINORICHES did not, in fact, enter into the fixture with CALDER, has no bearing on the sufficiency of the pleading. That is an argument for the London arbitrators to address in considering the merits, not for this Court to address on a Rule E motion.

But the above notwithstanding, the evidence that SINORICHES did, indeed, enter into the fixture agreement with CALDER is overwhelming. CALDER has submitted the statement

under oath of its chartering manager confirming the fixture of the VERA and attaching a copy. (Mihalitsis Declaration, Exhibit 2 to Wolfson Declaration). SINORICHES's admitted broker, and thus SINORICHES's agent as a longstanding matter of maritime law, reaffirmed the existence of the VERA charter, as well as Seapride's authority to act for SINORICHES. (Deng Declaration, at ¶ 3; Souklaras Declaration, Exhibit 3 to Wolfson Declaration).

That authority, and the reasonableness of CALDER's belief that a contract for the VERA was made with SINORICHES, is further supported by the evidence of several other fixtures booked by CALDER with SINORICHES, through SINORICHES's broker Seapride, in the exact same manner. (Mihalitsis Declaration, Exhibit 2 to Wolfson Declaration; Souklaras Declaration, Exhibit 3 to Wolfson Declaration).

The position now taken by SINORICHES is thus untenable on the facts, as well as the law, and should be regarded by the Court accordingly.

CONCLUSION.

WHEREFORE, plaintiff, CALDER SEACARRIER CORP., respectfully urges the Court to deny SINORICHES's motion to vacate and grant to CALDER such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
October 5, 2007

        Respectfully submitted,

        MAHONEY & KEANE, LLP
        Attorneys for Plaintiff
        CALDER SEACARRIER CORP.

By: _____
    Garth S. Wolfson (GW 7700)
    111 Broadway, Tenth Floor
    New York, New York 10006
    (212) 385-1422
    Our File No. 12/3437