UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CALDER SEACARRIER CORP.,                    **07 Civ. 6520 (LAK)**

                    Plaintiff,              DECLARATION
          -against-

VIKING MARINE S.A. and SINORICHES
GLOBAL LTD. a/k/a SGL SHIPPING
LIMITED,

                    Defendants.
------------------------------------X

     I, Garth S. Wolfson, hereby declare as follows:

     1.    I am a partner with the firm of Mahoney & Keane,
LLP, counsel of record for plaintiff, CALDER SEACARRIER CORP.
(CALDER).  Based upon my personal knowledge and my review of
the file maintained by my office, I am familiar with the
proceedings in this case.

     2.    Herewith attached are true copies of the following:

          Exhibit A:      Declaration of CALDER, by Captain
                          Panagiotis Mihalitsis, executed on
                          October 19, 2007;

          Exhibit A1:     Business Registration Certificate
                          previously produced by counsel for
                          SGL SHIPPING LIMITED (SGL);

          Exhibit A2:     Application for Funds Transfer by SGL
                          for "VERA FREIGHT / SINORICHES;"

          Exhibit A3:     Certificate    of    Accuracy    of
                          Translation,    with    attached
                          Translation of Business Registration
                          Certificate and Application for Funds
                          Transfer;

                              - 1 -

Exhibit A4:     Declaration, without attachments, of SINORICHES, by Deng Jingjing, previously submitted in connection with SINORICHES's prior motion to vacate the attachment

Exhibit A5:     Declaration, without attachments, of Seapride Maritime Services, by Poulikos Soukaras, previously submitted in connection with SINORICHES's prior motion to vacate the attachment;

Exhibit A6:     Declaration of Wang Xu in the Yalena Shartrova case, with attachment;

Exhibit A7:     Application for Funds Transfer by Oceanlink Navigation Co. Limited for "STRANGE ATTRACTOR FREIGHT;"

Exhibit A8:     E-Mail dated July 6, 2007;

Exhibit B:      Your Declarant's Affidavit in Support of Prayer for Attachment and Garnishment, without attachments, sworn to on August 1, 2007, verifying under oath all of the substantive allegations contained in the Amended Complaint, as well as additional factual background, and submitted to, and reviewed by, the Court before the subject order of attachment was signed; and

Exhibit C:      Order dated October 16, 2007.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 19, 2007
New York, New York

MAHONEY & KEANE, LLP
Attorneys for Plaintiff

By: _____
Garth S. Wolfson (GW 7700)
111 Broadway, Tenth Floor
New York, New York 10006
(212) 385-1422

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CALDER SEACARRIER CORP.,                    **07 Civ. 6520 (LAK)**

                        Plaintiff,          DECLARATION
            -against-

VIKING MARINE S.A. and SINORICHES
GLOBAL LTD, a/k/a SGL SHIPPING
LIMITED,

                        Defendants.
------------------------------------X

     I, Captain Panagiotis Mihalitsis, hereby declare as
follows:

     1.  I am employed as chartering manager for plaintiff,
CALDER SEACARRIER CORP. (CALDER), with responsibilities for
securing the cargoes to be loaded on board CALDER's chartered
tonnage.  Based upon my personal knowledge and my review of the
file maintained by my office, I am familiar with the chartering
arrangements with the defendants in this and other matters.

     2.  Herewith attached are true copies of the following:

          Exhibit 1:    Business Registration Certificate
                        produced by SGL SHIPPING LIMITED
                        (SGL);

          Exhibit 2:    Application for Funds Transfer by SGL
                        for "VERA FREIGHT / SINORICHES;"

          Exhibit 3:    Certificate    of    Accuracy    of
                        Translation,     with     attached
                        Translation   Business  Registration
                        Certificate and Application for Funds
                        Transfers;

          Exhibit 4:    Declaration, without attachments, of

1

SINORICHES, by Deng Jingjing, previously submitted in connection with SINORICHES's prior motion to vacate the attachment

Exhibit 5:    Declaration, without attachments, of Seapride Maritime Services, by Poulikos Soukaras, previously submitted in connection with SINORICHES's prior motion to vacate the attachment;

Exhibit 6:    Declaration of Wang Xu in the Yalena Shartrova case, with attachment;

Exhibit 7:    Application for Funds Transfer by Oceanlink Navigation Co. Limited for "STRANGE ATTRACTOR FREIGHT;" and

Exhibit 8:    . E-Mail dated July 6, 2007.

3.    At all pertinent times, it has been Your Declarant's firm understanding that SINORCHES GLOBAL LTD. (SINORICHES) was and is one and the same as SGL SHIPPING LTD. (SGL). The English name of the charterer has been represented to CALDER alternatively and interchangeably as both SINORICHES and SGL.

4.    However, as the translations, as well as simple comparison, of the pertinent documents attest, the name in Chinese has always remained the same. (Exhibit 3). "SGL" thus occasionally appears in English under the Chinese characters for SINORICHES. Id. The Chinese in the very Business Registration Certificate proffered by the defendant itself spells only "SINORICHES," and certainly not "SGL." Id.

5.    This, in fact, is also how SGL appears in the funds

2

transfer documentation for the payment of freight with respect to the subject fixture, i.e. "SGL" in English just under "SINORICHES" in Chinese. Id.

6.    To the extent SGL nonetheless argues that it is separate and distinct from SINORICHES, this funds transfer would demonstrate that, at the very least, SGL paid SINORICHES's debts. And Your Declarant respectfully submits that it is not common practice in the shipping industry for unaffiliated entities to make freight payments for one another, as the defendant is now apparently claiming.

7.    Moreover, the person with whom CALDER and SINORICHES's admitted broker, Seapride, dealt most closely in connection with the SINORICHES/SGL fixture is Charlie Wang. (Exhibit 4; Exhibit 5). Mr. Wang's control of SINORICHES was also confirmed in an affidavit in a prior, unrelated case prepared with the assistance of SGL's present counsel. (Exhibit 6, at 3) ("Sinoriches, a company apparently controlled by Charlie Wang"). Charlie Wang previously had a company by the name OCEANLINK NAVIGATION (OCEANLINK). Funds transfers for freight payments made through OCEANLINK were signed by Mr. Wang. (Exhibit 7). And that signature is plainly identical to the signature on the "SGL" funds transfer request. Compare Exhibit 2 with Exhibit 7.

8.    CALDER was even expressly advised by the broker who

acted for the SINORICHES in connection with the VERA fixture that SINORICHES freight payments would be remitted by Mr. Wang "via his new company SGL Shipping Ltd." (Exhibit 8).

9.   Nor does CALDER accept defendants' argument that the attached funds were somehow for the benefit of another party, BTB International.  The communications leading to the purported fixture have not been produced, though defendant appears to have control of the evidence with respect to a fixture with which the defendant claims to have no interest.  Your Declarant has personally checked with Allied Maritime Inc., the owners of the PARADISE ISLAND, via their brokers, who advise that they were under the impression that the PARADISE ISLAND was not, in fact, fixed with a company called BTB International.  Those brokers told Your Declarant that they understood the vessel to be fixed with none other than SINORICHES.  This also explains why SINORICHES/SGL, rather than BTB, has been the party attempting to vacate the attachment.  Yet the cryptic declaration submitted by SGL scrupulously avoid mention of Mr. Wang and his role in SGL as well as the PARADISE ISLAND FIXTURE.

10.  And that's not all.  Your Declarant knows SGL's declarant, Guoxian Yang, to be the General Manager of Far East International Shanghai Agency (FEISA), a partner and/or associate of Mr. Wang.  Mr. Yang corresponded with CALDER on

behalf of SINORICHES with respect to operational details in other fixtures and also paid freight owing by SINORICHES. In addition, we have uncovered in an unrelated prior action before this Court a declaration submitted on behalf of Pan-Pacific International Trading Co. Ltd. (Pan-Pacific) averring that Mr. Wang fraudulently, and without authority from Pan-Pacific, entered into a fixture on behalf of Pan-Pacific for the M/V YALENA SHARTROVA. (Exhibit 6). The agent used by Mr. Wang to perpetrate this purported scheme and specifically identified in the allegedly fraudulent fixtures, was, again, none other than Mr. Yang. Id.

11. Indeed, SINORICHES and SGL appear to have both melded and split at will whenever deemed convenient even throughout its efforts to vacate this attachment. The first U.S. lawyer to respond to the attachment was Mr. Bennett, the counsel of record for SINORICHES, who telephoned CALDER's U.S. Counsel on August 14, 2007 and made no attempt at that time to distinguish between SINORICHES and SGL. SINORICHES also then moved to vacate the attachment. But, if SGL's argument is to be credited, than only SGL funds have been attached, and none of SINORICHES's have. There would have been no reason for SINORICHES to have been the first responder to the attachment or the party moving to vacate it. Yet, within hours of the Court's denying SINORICHES's motion, an apparently carefully

orchestrated second bite of the apple was attempted by way of the instant order to show cause.

12. There is thus ample evidence to support CALDER's good faith belief that SINORICHES is SGL and SGL is SINORICHES. And, even assuming arguendo they are not the same company, as everyone who has dealt with SINORICHES/SGL has believed, they are clearly in cahoots, with SGL acting in a manner to suggest to CALDER an obvious "alter-ego" relationship.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Athens, Greece, on October 19th 2007,

_____ (L.S.)
Panagiotis Mihalitsis



表格 2
FORM 2
《商業登記條例》(第 310 章)
BUSINESS REGISTRATION ORDINANCE (Chapter 310)
《商業登記規例》
BUSINESS REGISTRATION REGULATIONS
商業／分行登記證
Business/Branch Registration Certificate

| 業務/法團所用名稱<br>Name of Business/<br>Corporation | 中富船務有限公司<br>SGL SHIPPING LIMITED |
| --- | --- |
| 業務/分行名稱<br>Business/<br>Branch Name | ＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊<br>＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊＊ |
| 地　　址<br>Address | RM 301-2 3/F<br>HANG SENG WANCHAI BLDG<br>200 HENNESSY RD WANCHAI<br>HK |
| 業務性質<br>Nature of Business | SHIPPING |
| 法律地位<br>Status | BODY CORPORATE |

| 生效日期<br>Date of Commencement | 屆滿日期<br>Date of Expiry | 登記證號碼<br>Certificate No. | 登記費及徵費<br>Fee and Levy |
| --- | --- | --- | --- |
| 21/04/2007 | 20/04/2008 | 36670100-000-04-07-8 | $2,600<br>(登記費 FEE = $2,000)<br>(徵費 LEVY = $ 600) |

請注意下列《商業登記條例》的規定 (SEE OVERLEAF FOR ENGLISH VERSION)

第 6(8) 條規定發出任何業務登記證或分行登記證，不得當作證明以下意思：有關該業務或經營該業務的人或受僱於該業務的僱員的任何法律規定已獲遵從。

第 7(2) 條規定任何經營業務人士，倘在現有商業登記證期滿後仍未有收到繳款通知書，須於 1 個月內以書面通知稅務局局長。

第 8 條規定凡申請登記表格內所列資料如有變更時或凡某項業務經已結束，任何經營有關業務的人或任何在結束時經營該項業務的人須於該變更發生時或該項業務結束時起計 1 個月內，以書面通知局長。

第 12 條規定各業務須將其有效的商業登記證或有效的分行登記證於任一營業地點展示。

第 15(1) 條規定對觸犯本條例者可施行的罰則，包括罰款 $5,000 及監禁 1 年。

第 21 條規定須將收取徵費所得的全部款項撥付欠薪保障基金。

繳款時請將此商業登記證及繳款通知書完整交出。在付款後，本繳款通知書方成為有效的商業登記證。

LEASE PRODUCE THIS CERTIFICATE AND DEMAND NOTE INTACT AT TIME OF PAYMENT. THIS DEMAND NOTE
ILL ONLY BECOME A VALID BUSINESS REGISTRATION CERTIFICATE UPON PAYMENT.

印所示登記費及徵費收訖。(請多閱背頁繳款辦法所載內容)
ECEIVED FEE AND LEVY HERE STATED IN PRINTED FIGURES. (Please see payment Instructions overleaf.)

I.D.B. 表格第 101B 號 (5/2006)　30/05/2007　899312036 $2,600.00



**南洋商業銀行**
NANYANG COMMERCIAL BANK

**境外匯款申請書**
APPLICATION FOR FUNDS TRANSFERS (OVERSEAS)

致： TO:

日期 Date：

☐ 電匯 T/T  ☐ 票匯 D/D  ☐ 信匯 M/T

交電等級 Priority  ☐ 普通 Normal  ☐ 加急 Urgent

OUR REF. 090170TT7063184

| 郵報號碼 BOP Reporting No. | |
|---|---|

| 20 | 銀行業務號 Bank Transac. Ref.No | | 收息行/付款行 Receiver/Drawn on | |

| 32A | 結算貨幣金額 Currency & Interbank Settlement Amount | USD 150,976.30 | 金額大寫 Amount in Words | |
| 出 | 匯出匯款 Amount no.FN | USD 150,976.30 | 賬號 Account No./Credit Card No. | |
| 中 | 購匯金額 Amount of Purchase | | 賬號 Account No./Credit Card No. | |
| | 其他金額 Amount of Others | | 賬號 Account No./Credit Card No. | |

| 50a | 匯款人名稱及地址 Remitter's Name & Address | | |
|---|---|---|---|

☐ 對公 組織機構代碼 Unit Code _____  ☐ 對私 個人大身份證件號碼 Individual ID NO. _____
☐ 中國居民個人 Resident Individual  ☐ 中國非居民個人 Non-Resident Individual

| 56a56a | 收款銀行之代理行 名稱及地址 Correspondent of Beneficiary's Bank name & Address | BANK OF NEW YORK, NEW YORK, USA |
|---|---|---|

| 57a | 收款人開戶銀行 名稱及地址 Beneficiary's Bank Name & Address | 收款人在其開戶銀行在其代理行賬號 Bene's Bank A/C No. |
| | | LAIKATIA BANK PIRAEUS BRANCH, PIRAEUS GREECE |

| 59a | 收款人名稱及地址 Beneficiary's Name & Address | 收款人賬號 Bene's A/C No. |
| | | |

| 70 | 匯款附言 Remittance Information | 只限 140 個字位 Not Exceeding 140 Characters |
| | | TO VERA FREIGHT/SEVORLIES |

| 71A | 國內外費用承擔 All Bank's Charges If Any Are To Be Borne By：<br>☐ 匯款人 OUR  ☐ 收款人 BEN  ☐ 共同 SHA |

收款人常住國家（地區）名稱及代碼 Resident Country/Region Name & Code

匯繼洋： ☐ 預付貨款 Advance Payment  ☐ 貨到付款 Payment Against Delivery  ☐ 退款 Refund  ☐ 其他 Others  最遲運送日期

| 交易編碼 BOP Transac. Code | | 相應幣種及金額 Currency & Amount | | 交易附言 Transac. Remark | |

REMITTANCE AMOUNT    USD150,976.30    COM IN LIEU USD0.00
COMMISSION USD0.00    OTHER COM USD0.00
TLX/POSTAGE USD15.00

ACR 043-457-1-00053    USD150,457.30

| 申請人簽章 Applicant's Signature | |

Test Date. Validation
DEST A/C    0018577421
RMB MARINE S.A
20050000177 16:49:16 20070 SGL SHIPPING GLIMITED 91100
中富船務有限公司

Please Effect The Upwards Remittance, Subject To The Conditions Overleaf

For and on behalf of

Authorized Signature(s)

申請人姓名 Name of Applicant
電話 Phone No.

授權人 Authorized Person
日期 Date

# LAWYERS' AND MERCHANTS' TRANSLATION BUREAU, INC.

### Legal, Financial, Scientific, Technical and Patent Translations

### 11 BROADWAY
### NEW YORK, NY 10004



# Certificate of Accuracy

## TRANSLATION

From    Chinese    into    English

**STATE OF NEW YORK**
**COUNTY OF NEW YORK**     } S.S.:

On this day personally appeared before me who, after being duly sworn, deposes and states:

That Elisabeth A. Lucas is a translator of the    Chinese    and English languages by profession and as such connected with the **LAWYERS' & MERCHANTS' TRANSLATION BUREAU;**

That Elisabeth A. Lucas is thoroughly conversant with these languages;

That Elisabeth A. Lucas has carefully made the attached translation from the original document written in the    Chinese    language; and
marked   parts

That the attached translation is a true and correct    English    version of such original, to the best of Elisabeth A. Lucas's knowledge and belief.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS

SEP 19 2007

*Susan Tapley*

Susan Tapley
Notary Public, State of New York
No. 01TA4999804
Qualified in Queens County
Certificate filed in New York County
and Kings County
Commission Expires July 27, 2010

All three circled sections seem to relate to the same name.

The second character in the first circled section is illegible. The other characters are the same as in the second and third circled sections.

A search for the Chinese name "中富船坞有限公司" on the Internet, suggests that this name is related to an English name "Sinoriches Global Co. Ltd."  However, the official websites of both names are not working at the moment.

The first character in the name (中) is also the first character in the name of China (中国).   The second character (富) means "rich".   The remaining characters in the name mean "Shipping Co. Ltd."   Therefore, it is reasonable to translate the name literally as "Sinoriches Shipping Co. Ltd."

Finally, the third circled section reads "Welcome to Sinoriches Shipping Co. Ltd."



表格 2
FORM 2
《商業登記條例》(第 310 章)
BUSINESS REGISTRATION ORDINANCE (Chapter 310)
《商業登記規例》
BUSINESS REGISTRATION REGULATIONS
商業／分行登記證
Business/Branch Registration Certificate

業務/法團所用名稱
Name of Business/
Corporation

中富船務有限公司
SGL SHIPPING LIMITED

業務/分行名稱
Business/
Branch Name

**************************************
**************************************

地　址
Address

RM 301-2 3/F
HANG SENG WANCHAI BLDG
200 HENNESSY RD WANCHAI
HK

業務性質
Nature of Business

SHIPPING

法律地位
Status

BODY CORPORATE

| 生效日期<br>Date of Commencement | 屆滿日期<br>Date of Expiry | 登記證號碼<br>Certificate No. | 登記費及徵費<br>Fee and Levy |
|---|---|---|---|
| 21/04/2007 | 20/04/2008 | 36670100-000-04-07-8 | $2,600<br>(登記費 FEE = $2,000)<br>(徵費 LEVY = $ 600) |

閱生童下列《商業登記條例》的規定 (SEE OVERLEAF FOR ENGLISH VERSION)

第 6(8) 條規定發出任何業務發出商業登記證或分行登記證，不得當作隱含以下意思：有關政業務或經營該業務的人或受僱於該業務的僱員的任何法律規定已獲遵從。

第 7(2) 條規定任何經營業務人士，倘在現有商業登記證期滿後有收到繳款通知書，須於 1 個月內以書面通知稅務局局長。

第 8 條規定凡甲請登記表格內所列業務詳情有任何變更時或凡乘項業務經已結束，任何經營有關業務的人或任何在結束前經營該項業務的人須於該變更發生時或該項業務結束時起超計 1 個月內，以書面通知局長。

第 12 條規定各業務須將其有效的商業登記證或有效的分行登記證於任一營業地點展示。

第 15(1) 條規定對觸犯本條例者可施行的罰則，包括罰款 $5,000 及監禁 1 年。

第 21 條規定須將收取徵費所得的全部款項撥付破產欠薪保障基金。

交款時請將此商業登記證及繳款通知書完整交出。在付款後，本繳款通知書方成為有效的商業登記證。
PLEASE PRODUCE THIS CERTIFICATE **AND** DEMAND NOTE INTACT AT TIME OF PAYMENT. THIS DEMAND NOTE
WILL ONLY BECOME A VALID BUSINESS REGISTRATION CERTIFICATE UPON PAYMENT.

繳印所示登記費及徵費收訖。 (請參閱背頁繳款辦法所載內容)
RECEIVED FEE AND LEVY HERE STATED IN PRINTED FIGURES. (Please see payment instructions overleaf.)

BDB 刑種登記表 1915 登記7010/05/2007 889313036 $2,600 26

南洋商業銀行
NANYANG COMMERCIAL BANK

境 外 匯 款 申 請 書
APPLICATION FOR FUNDS TRANSFERS (OVERSEAS)

款:
TO:

日 期
Date:

☐ 電匯 T/T  ☐ 票匯 D/D  ☐ 信匯 M/T

發電等級
Priority
☐ 普通 Normal  ☐ 加急 Urgent

OUR REF: 0335570TTT009164

| 申報號碼 BOP Reporting No. | ☐☐☐☐☐ ☐☐☐ | |
|---|---|---|

| 20 | 銀行業務編號 Bank Transac. Ref No. | | 收款行/付款行 Receiver/Drawn on | |
|---|---|---|---|---|

| 32A | 貨款幣種及金額 Currency & Interbank Settlement Amount | | 金額大寫 Amount in Words | |
|---|---|---|---|---|
| 其 | 購匯金額 Amount in FX | | 帳號 Account No./Credit Card No. | |
| 中 | 鈔匯金額 Amount of Purchase | | 帳號 Account No./Credit Card No. | |
| | 其他金額 Amount of Others | | 帳號 Account No./Credit Card No. | |

| 50a | 匯款人名稱及地址 Remitter's Name & Address | | | 個人身份證件號碼 Individual ID NO. | |
|---|---|---|---|---|---|

☐ 對公 組織機構代碼 Unit Code ☐☐☐☐☐☐☐☐—☐  ☐對私 ☐中國居民個人 Resident Individual  ☐中國非居民個人 Non-Resident Individual

| 54/56a | 收款銀行之代理存款行名稱及地址 Correspondent of Beneficiary's Bank Name & Address | BANK OF NEW YORK, NEW YORK, USA |
|---|---|---|

| 57a | 收款人開戶銀行名稱及地址 Beneficiary's Bank Name & Address | 收款人在其代理行帳號 Bene's Bank A/C No. |
|---|---|---|
| | | EGNATIA BANK PIRAEUS BRANCH PIRAEUS GREECE |

| 59a | 收款人名稱及地址 Beneficiary's Name & Address | 收款人帳號 Bene's A/C No. |
|---|---|---|

| 70 | 匯款附言 Remittance Information | 只限 140 個字位 Not Exceeding 140 Characters | 71A | 國內外費用承擔 All Bank's Charges If Any Are To Be Borne By: |
|---|---|---|---|---|
| | IN VERA FREIGHT / SINORIGEL | | | ☐匯款人 OUR  ☐收款人 BEN  ☐共同 SHA |

收款人常駐國家(地區)名稱及代碼  Resident Country/Region Name & Code

請選擇:  ☐ 預付貨款 Advance Payment   ☐ 貨到付款 Payment Against Delivery   ☐ 退款 Refund   ☐ 其他 Others  裝運日期

| 交易編碼 BOP Transac. Code | ☐☐☐☐☐ ☐☐☐☐☐ | 結匯幣種及金額 Currency & Amount | | 交易附言 Transac. Remark | |
|---|---|---|---|---|---|

REMITTING AMOUNT   USD1,140,370.30
COM USD4.00              COM IN LIEU USD6.00
TLX/POSTAGE USD15.00    OTHER COM USD0.00

ACH 043-457-1-0005319  USD1,140,457.30

| 銀行專用欄 For Bank Use Only | 申請人簽章 Applicant's Signature | 覆核簽章 Checker's Signature |
|---|---|---|
| BENE A/C : /00103577421 | 請按照背頁所列各款代辦以上匯款並進行申報 Please Effect The Upwards Remittance, Subject To The Conditions Overleaf | |
| BENE: VIKING MARINE S.A. | | |

Commission

電報費
Cable Charges

手續費
Trust Charges

| 支款用途 In Payment of the Remittance | ☐ 現金 by Cash  ☐ 支票 by Check  ☐ 轉帳 from Account | 申請人姓名 Name of Applicant 電話 Phone No. | 核准人 Authorized Person 日期 Date |
|---|---|---|---|
| 結匯 Sig Ver. | | 經辦 Maker | 覆核 Checker |

Web   Images   Video   News   Maps   Gmail   more ▼                                          Sign in

Google          *(handwritten: Exerb)*          sinoriches global          [ Search ]   Advanced Search
                                                                                    Preferences
                                                                     New! View and manage your web history

Web                                                    Results 1 - 10 of about 23 for sinoriches global. (0.21 seconds)

中富船务有限公司欢迎您！ - [ Translate this page ]
**Sinoriches Global** Co., Ltd business area is mainly international trading and shipping.
Trading area is focuse on chemical, mineral,metals . ...
www.sinoriches.com/company_en.htm - 5k - Cached - Similar pages

中富船务有限公司欢迎您！ - [ Translate this page ]
**Sinoriches Global** Limited was established in 1999,The business objective is to provide
our customers with the highest quality service, though a unique blend ...
www.sinoriches.com/shipping_en.htm - 7k - Cached - Similar pages

**Sinoriches Global** Limited v. Steelco Pacific Trading, Ltd. - 1 ...
Justia Federal Filings - New York Southern District Court - Contract - Marine - **Sinoriches
Global** Limited v. Steelco Pacific Trading, Ltd.
dockets.justia.com/docket/court-nysdce/case_no-1:2007cv07884/case_id-312654/ - 68k -
Cached - Similar pages

**Sinoriches Global** Limited v. New Ocean Shipping Co., Ltd. et al ...
Justia Federal Filings - New York Southern District Court - Contract - Marine - **Sinoriches
Global** Limited v. New Ocean Shipping Co., Ltd. et al.
dockets.justia.com/docket/court-nysdce/case_no-1:2007cv05779/case_id-308345/ - 75k -
Cached - Similar pages
[ More results from dockets.justia.com ]

**Sinoriches Global** Limited v. Steelco Pacific Trading, Ltd ...
Search for: "**Sinoriches Global** Limited v. Steelco Pacific Trading, Ltd." Results 1 - 20 of
999. Sorted by Relevance | Sort by Date ...
blawgsearch.justia.com/search.aspx?
q=**Sinoriches**+**Global**+Limited+v.+Steelco+Pacific+Trading%2C+Ltd. - 40k -
Cached - Similar pages

**Sinoriches Global** Limited - Justia Blawg Search
Search for: "**Sinoriches Global** Limited". Results 1 - 20 of 998. Sorted by Relevance | Sort
by Date. RSS Subscribe: 20 results | 100 results ...
blawgsearch.justia.com/search.aspx?q=**Sinoriches**+**Global**+Limited - 40k -
Cached - Similar pages
[ More results from blawgsearch.justia.com ]

MRC Company Credit Reports starting with S
**Sinoriches Global** Ltd (published: 16 August 2006) Sinosteel Shipping & Forwarding Co
(published: 04 April 2005) Sinotrans (Germany) GmbH (published: 18 ...
www.mrcinfo.com/list/lmiu_investigations_company_credit_reports_s.html - 239k -
Cached - Similar pages

www.mrcinfo.com: The Company Reports Channel
Sinopec Zhenhai Refining & Chemical Co Ltd, 05114112816, CHINA, 31 January 2005.
**Sinoriches Global** Ltd, 03101794835, CHINA, 16 August 2006 ...
www.mrcinfo.com/NASApp/cs/ContentServer?pagename=LLPortal/
Home&var_element=LLPortal/content/dynamic/c... - 64k - Cached - Similar pages

Capitaneria di Porto di La Spezia - Capitanerie di porto - Guardia ...- [ Translate this page ]

Case 1:07-cv-06520-LAK    Document 11-2    Filed 09/28/2007    Page 1 of 7

William R. Bennett, III (WB 1383)
Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant
SINORCHES GLOBAL LTD.
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:    (646) 328-0120
Facsimile:    (646) 328-0121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CALDER SEACARRIER CORP.,

                Plaintiff,

    - against –

VIKING MARINE S.A. and SINORICHES GLOBAL
LTD. a/k/a/ SGL SHIPPING LIMITED,

                Defendants.
-------------------------------------------------------X

07 CV 6520 (LAK)

**DECLARATION OF
DENG JINJING**

       I, DENG JINJING, declare under the penalty of perjury under the laws of the United

States that the following is true and correct:

       1.    I am the Director of defendant Sinoriches Global Ltd, ("Sinoriches"),

(sued herein incorrectly as Sinoriches Global Ltd. a/k/a SGL Shipping Ltd.), and as such am

fully familiar with the facts stated herein, as well as the allegations alleged in the complaint.

       2.    The nature of Sinoriches business is marine transportation.

       3.    Sinoriches works with brokers, who act independently and not as agents of

Sinoriches, to assist Sinoriches with chartering of vessels. One of the brokers that Sinoriches has

dealt with is a Greek company called Sea Pride Maritime.

4.    In June of 2007, Sea Pride Maritime brokered a charter party between Universal Cargo Lines S.A., as owner, and Sinoriches as charterer for the M/V Vera. Sea Pride Maritime was acting as agent for the owners of the M/V VERA at that time.

5.    A copy of the Fixture Recap is attached hereto as Exhibit A.

6.    Sinoriches never entered into a Fixture Note, or any other type of contract, with Calder Seacarrier Corp. or Viking Marine S.A.

7.    The alleged Fixture Note negotiated by Sea Pride Maritime and M/S CALDER SEACARRIER was not sent, received, or agreed to by Sinoriches.

8.    I have read the complaint filed by M/S CALDER SEACARRIER and believe the allegations referring and relating to Sinoriches are false.

Date:  _19_ day of September 2007
       Dalian, China

_____
DENG JINJING

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

CALDER SEACARRIER CORP.,                                          **07 CV 6520 (LAK)**

                Plaintiff,

    - against –

VIKING MARINE S.A. and SINORICHES GLOBAL
LTD. a/k/a SGL SHIPPING LIMITED,

                Defendants.
--------------------------------------------------------X

I, Poulikos Soukaras, shipbroker of Seapride Maritime Services, address 145 Kolokotroni Str., Piraeus-Greece, declare as follows:

**1.** I am employed at Seapride Maritime Services for the last 25 years and I am in charge of all the chartering activities being the managing director of this broking company.

**2.** I have been fixing the cargoes of Sinoriches Dalian for a long time and I have concluded the fixture of their cargoes with Calder Seacarrier Corp. which I refer as follows:

      a) m/v Sargodha

      b) m/v Asha Manan

      c) m/v Xuan De Men

      d) m/v Fuzhou

      e) m/v Trader

      f) m/v Vera

True copies of the recap of the above mentioned fixtures are hereby attached to this declaration marked "Exhibit PS 1".

**3.** I was personally involved in all the fixtures acting as an intermediate broker and the most recent fixture was the m/v Vera c/p between Sinoriches and Calder which was concluded on the 7th June 2007.

**4.** I always had the Sinoriches' authority to act as the intermediate broker in order to fix their cargoes with the chartered tonnage of Calder Seacarrier Corp. and all the negotiations that lead to the fixtures between Sinoriches and Calder were done through our company 'Seapride Maritime Services Piraeus'. I was all the time communicating with mr.Charlie Wang of Sinoriches for all the fixtures concluded between Sinoriches and Calder including the fixture of m/v Vera the negotiations of which were commenced on the 6th of June 2007.

Pursuant to 28 U.S.C.§1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed

At Piraeus this 3rd day of October 2007

06-03506 (JGK)

## WANG XU DECLARATION IN
## THE YALENA SHARTROVA CASE

Exhibit "A"

WANG XU states as follows:

1.    I am the Vice General Manager of Pan-Pacific International Trading Co. Ltd. ("Pan Pacific Trading") and make this declaration in connection with the case of <u>MTC Levant-Line GmbH, Breman v Pan-Pacific International & Transportation Co. Ltd. Pan-Pacific International Trading Co., Ltd., Pan-Pacific International Trading & Transportation Co., Ltd.</u>, 06 Civ. 3506 (JGK) and the motion to vacate the attachment of funds of Pan-Pacific Trading in that case in the amount of $150,000.

2.    Pan-Pacific Trading is a corporation duly licensed under the laws of China with a head office in Tianjin, China. Attached as Exhibit "1" is the notarized business license of Pan-Pacific Trading with English translation.

### The Yalena/MTC Levant-Line Charter

3.    In this case, MTC Levant-Line claims that it entered into a charter party for the vessel YALENA SHARTROVA ("Yalena Charter Party") with a company called Pan-Pacific International & *Transportation* Co. Ltd. ("PPI Transportation") (see complaint, Exhibit "2", at paragraph FOURTH and NINTH). A copy of the fixture notes (Exhibit "3") and the unsigned charter party dated May 14, 2004 (Exhibit "4") obtained by our attorneys from MTC Levant-Line's attorneys are attached.

4.    Pan-Pacific Trading has no connection or involvement with PPI Transportation nor does Pan-Pacific Trading have any connection with the other similar sounding defendant, Pan-Pacific International *Trading & Transportation* Co. Ltd. ("PPIT Transportation"). Furthermore, Pan-Pacific Trading had no involvement whatsoever with the Yalena Charter Party and the shipment of goods under it and was unaware of the existence of that charter party and PPI Transportation and PPIT Transportation until Pan-Pacific Trading received a copy of Notices of Lawsuits and Maritime Attachments from MTC Levant-Line's attorneys, Fowler, Rodriguez & Chalos on or about May 25, 2006 (see Exhibits "5" and "6").

5.    MTC Levant-Line has alleged, at paragraph SEVENTH of the complaint (Exhibit "2") that PPI Transportation is an "agent and/or manager" of Pan-Pacific Trading. This is incorrect. As indicated, Pan-Pacific Trading has no connection whatsoever with either PPI Transportation or PPIT Transportation

and Pacific-Pacific Trading has never acted as an "agent or manager" for either of them nor have either of them acted as a manager or agent of Pan-Pacific Trading.

6.    MTC Levant-Line has also alleged, at paragraph EIGHTH of the Complaint, that PPI Transportation "utilizes" Pan-Pacific Trading and PPIT Transportation to "transfer funds through, to and from the Southern District of New York." Again, this is incorrect as Pan-Pacific Trading has no connection with PPI Transportation or PPIT Transportation and does not transfer funds for either of them nor do they transfer funds for Pan-Pacific Trading.

7.    In brief, Pan-Pacific Trading had no connection with PPI Transportation, PPIT Transportation or the Yalena Charter Party. Pan-Pacific Trading only learned of this charter and a claim under it when Pan-Pacific Trading received notice, on May 25, 2006.

8.    It will be noted in paragraph 13 of the fixture notes for the Yalena Charter Party (Exhibit "3") that notice of the owner's payment of insurance premiums is to be given to "SINORICHES DLN FAX 86 411 88803803." Pan-Pacific Trading has learned that this is the fax number for a Charlie Wang who operates Sinoriches Enterprises Co. Ltd. ("Sinoriches"). The significance of this and background on related cases is addressed below.

The Alma Libre-Nobili Charter/London Arbitration Award Received January 6, 2006

9.    On or about May 22, 2004 Pan-Pacific Trading had forwarded to it a copy of a letter dated May 21, 2004 from Stephenson Harwood (Exhibit "7") which was addressed to Pan-Pacific Trading but had an incorrect fax number for Pan-Pacific Trading. (fax number 0082 2225328192 is similar to Pan-Pacific Trading's fax number except that the country code, 82, is wrong; that is the country code for Korea and not China). That letter had a demand for arbitration concerning a vessel called the ALMA LIBRE ("Alma Charter") which made no sense to me as Pan-Pacific Trading had no involvement in or knowledge of this charter. I learned that a Mr. Charlie Wang had been involved in that charter. I both wrote and called Mr. Wang about this. Both on the telephone and in writing he told me that the claim from Stephenson Harwood was "groundless" and that he would take care of it and that he expected the matter would be resolved in one week (Exhibit "8").

2

10.   Pan-Pacific Trading never received anything more from Stephenson Harwood until January 6, 2006 when Pan-Pacific Trading received a copy of an arbitration award apparently made against Pan-Pacific from Stephenson Harwood. (Exhibit "9"). Pan-Pacific Trading had never received copies of any pleadings made in the arbitration from any source. Our attorneys later obtained copies of one letter from the arbitrators showing that the arbitrators had apparently attempted to send notices to Pan-Pacific Trading at fax number 86 411 88827947, the fax number for a company called Finecom Shipping Ltd. ("Finecom"), and 86 411 88803803, the fax number for Sinoriches. (Exhibit "10").

11.   Through later investigation by our attorneys, Pan-Pacific Trading has learned that the Alma Charter was fraudulently entered into in Pan-Pacific Trading's name by Sinoriches, a company apparently controlled by Charlie Wang and another company, Finecom apparently controlled by Qi Weidong both of which fraudulently acted as though they were Pan-Pacific Trading. Attached as Exhibit "11" is a copy of the Alma Charter entered into by Sinoriches, purportedly on behalf of Pan-Pacific Trading, obtained by our Chinese attorney from Mr. Charlie Wang who has since refused to cooperate. As indicated, Pan-Pacific Trading had absolutely no involvement in that charter and never authorized Sinoriches or Finecom to act for Pan-Pacific Trading.

The Fiori-Clipper Elite Charter/English Judgment Received on January 4, 2006

12.   Pan-Pacific Trading learned on October 10, 2005, by receipt of "claims particulars" (Exhibit "12") that a claim against PPT was being asserted by Clipper Elite Carriers in England on a charter party for the vessel FIORI which had also allegedly been entered into by PPT as the charterer. I suspected Charlie Wang was again involved and called him about this. Mr. Wang assured me that he was taking care of the matter and that Pan-Pacific Trading need not be concerned about it. On or about January 4, 2006, however, Pan-Pacific Trading received a copy of a judgment made against it in that case. Although Pan-Pacific Trading had absolutely no involvement in that charter, it did settle this case because it was able to do so for a relatively modest amount ($55,000) and avoid the cost and risk of litigation.

Second Charter with Clipper Elite

13.   Pan-Pacific Trading also learned that Charlie Wang has entered into another charter with Clipper Elite Carriers. This charter apparently resulted in a small claim which was settled by Finecom making a payment of $3,000. (Exhibit "13"). It should be noted that this case was resolved by

3

Finecom in the name of our company without any principal's authority, further we were unaware of anything about this matter from the outset to its end until we instructed a lawyer to investigate against Finecom for the dispute with the Nobili Charter.    This charter appears to be another charter fraudulently entered into and operated in Pan-Pacific Trading's name by Charlie Wang of Sinoriches and Qi Weidong of Finecom.

14.    In summary, Pan-Pacific Trading had nothing to do with the Yalena Charter and also has nothing to do with PPI Transport or with PPIT Transportation.    In the circumstances, plaintiff's claim against Pan-Pacific Trading should be dismissed and its attachment of Pan-Pacific Trading's funds in the amount of $150,000 should be vacated.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Wang Xu

Executed:    Tianjin, China
September 6, 2006

4

# Exhibit 3

*Exhibit 3*

**FULL FIXTURE RECAP OF MAIN TERMS + CP DETLS AGREED**

C/PARTY DATED: 15 APRIL 2005

A/C  PAN-PACIFIC INT'L TRADING AND TRANSPORTATION CO., LTD

PERFORMING VSL :
  mv  yelena shatrova
rus flg, 1990 blt, grt/nrt/dwt 7095 / 2936 / 7365 on 6,89 m ssw, tpcm
22

loa/bm/dept 132,7 / 19,86 / 8,8 m  class: rs
bl / gr capa 10022 / 10474,6 cbm,  single-deck ,4 ho/ha,
crane 4x20t (twin,2x20t=40t)
nbr  hold size(m):    hatch size (m):    capa gr / bale (cbm):
1   14,7 x 10,0 x 7,9   1 x 12,6 x 10,2  1260  1208
2   24,4 x 16,0 x 9  1 x 19,2 x 15,36  3224  3084
3   21,75 x 16,0 x 9  1 x 18,75 x 15,36  3034  2903
4   21 x 16,0 x 9   1 x 18,75 x 15,36 2956  2829
                ─────────────
                10474 10022
·fully fitted for   294  teu
tt strength -8,5 tpsqm on tk top. 3,2 tpsqm on dk,
          no.1 - 1,75; no.2-4 - 2,2 tpsqm on ha
stackweights bss 20' : 60 t on tk top, no.1 - 20; no.2,3,4 - 40t on dk
stackweights bss 40' : 93 t on tk top, no. 1 - 31; no. 2,3,4 -62 t on
dk

aa/wog

= OWRS SHOULD GUARANTEE VSL'S GEARS CAN LIFT 40MT UNIT AND OPERATION BY
CREW (TOTAL 2 UNITS)

FOR

= UP TO VSL'S FULL CAPACITY WITH STEEL PRODUCTS /BGD CHEMICALS/
   VEHICLES ,HARMLESS /NON-IMO
= L/PORTS : 1 GSB  1/2 SP N.CHINA ,OUT OF SHANGHAI/ LIANYUNGANG/ QINGDAO/
   XINGANG
= D/PORTS : 1 GSB  2/3 SP ALGERIA , OUT OF ORAN/MOSTAGANEM /ALGER/ANNABA
= LYCN: 15-21 APRIL 2005
= FRT USD600,000 IN LUMPSUM FIOS N OWNERS FREE D/A BENDS
= FULL FRT LESS COMM TOBE PAID TO OWNERS NOMINATED BANK ACCOUNT W/IN
   5 BKG DAYS ACOL N S/R BS/L MARKED" FREIGHT PAYABLE AS PER C/P " OR " FREIGHT
   PREPAID" ,BUT OWNER CAN ONLY RELEASE ORIGINAL BS/L MARKED" FREIGHT
   PREPAID" AFTER RECEIVING FULL FRT IN OWNERS ACCOUNT.
   FDEOSDANRVOCLONL
= CHARTERERS AGENT BENDS AND PDA TOBE FOR CHARTERER'S ACCOUNT
   AGENT IN CHINA :

SHANGHAI FAREAST INT'L SHIPPING AGENCY LTD
13F,JAHWA FINANCIAL BUILDING,NO.133,TIANTONG ROAD,SHANGHAI,P.R.CHINA
TEL:0086-21-63938778/63647397/53544588-802
FAX:0086-21-63566543/63647478

PIC: MR. YANG GUOXIAN
MOB:13524698004/13311833326
TLX:85-33332 SSASH CN
E-MAIL ADDR:
YOUNGX@FEISA-SH.COM(PERSONAL)
AGENCY@FEISA-SH.COM(GROUP)

AGENT IN ALGERIA :  Barwil Algeria
12. Rue Ali Boumendjel
Algiers 16000 Algeria
Tel: 213 21 73 07 54 / 21 73 51 56 / 21 73 51 58
Mobile : 213 61 59 97 08  .
Fax: 213 21 73 16 53
Telex: 55 232 BARWL DZ

= TOTAL 9 WW DAYS SSHEX / FHEX UU
= DEMURRAGE USD7500.00 PDPR /FD WTS BENDS
= DEM/DES IF ANY , TOBE SETTLED W/I (ASPER CP DTLS) AFTER COMPL OF
   DISCHARGING AGAINST SURPORTTING DOCS INCL SOF,NOR ETC WHICH FAX COPIES
   ACCEPTABLE
= OWNER SHOULD ALLOW CHARTERER/SHIPPER/RECEIVER TO USE SHIP'S GEAR FOR
   LOADING/DISCHARGING AT FREE OF CHARGE , IF SHIP'S GEAR BROKEN DOWN
   SHORECRANE CHARGE/TIME/RISK TOBE FOR OWNERS ACCOUNT
= ANY TAXES/DUES ON CGO/DOCS TOBE FOR CHARTERERS ACCOUNT
= ANY TAXES/DUES ON VSL/FLG/OWNERSHIP/FRT TOBE FOR OWNERS ACCOUNT
= VSL TOBE FREE OF ANY EXTRA INSU DUE TO AGE
= COMM: 5PCT TTL + WHICH TOBE DEDUCTED FROM F/D/D + 1.25% TO VELOS
   CHARTERING TO BE PAID BY OWNERS
= OTHERWISE AS PER CHARTERERS PERFORMING C/P "MV PERUN CP DD 14MAY 2004"
   WITH LOGICAL AMENDMENTS AGREED IN MAIN TERMS N FLWG AMENDMENTS

- all agreed/fixed m/terms to be fully incorporated and c/p amended acc..
- lines 127+128 as printed

- line 158 as printed

- cl 21
    a) to add: at any further load port time to commence to count upon arrival at pilot
       station but with 12 hours turn time
    b) to add: at any further discharge port time to commence to count upon arrival at pilot
       station but with 12 hours turn time
    h) + i) to be deleted

- cl 25 line 3 replace : 'responsibility' by "supervision"

- cl 31 to add: port d/a's only

- cl 35 a delete in para 3+4 'as half time'

- cl 37 as per chtrs terms

- cl 39 to add cargo exclusions:
livestock, pitch in bulk, sulphur in bulk (if classed under imo), soda
ash in bulk, scrap, ferro silicon, nuclear isotopes, h.b.i, cement in
bulk, bulk borax, all kind of acid any products associated with direct
reduced iron, asphalt, ammonium nitrate, creosoted goods, stone blocks,

arms and ammonitions, petroleum
or its products, petcoke, cakes, pyrites, calcium hydrozide, nuclear
materials, expellers, inflammable goods, salt and mahogany logs,  and
any other harmful, injurious, dangerous goods can be loadeed according
to vessels cerificates and regulations of ports of call. ####

- cl 40 vsls eta lianyungang april 16 - thus cl to be amended acc.

- cl 41 to add at end: ' a/o tally report a/o m/r's.'

= CHARTERERS QUESTIONNAIR COMPLETED BY OWRS :
01) legal name/address/tlx no/mic of:
     a) original owners and/or managers: ARCTIC OCEAN INTERNATIONAL
     b) disponent owners or t/c owners
        MTC LEVANT - LINE GMBH
        MARTINISTR 29
        28195 BREMEN, GERMANY
02) name of vsl (pls adv ex names/ex owners and since when under present ownership/
     management) YELENA SHATROVA
03) port of registry - official registry number VLADIVOSTK, LR 866282, IMO 8711265
04) flag + nationality/number of crew - confirm full itf/similar –
     RUSSIAN - ITF FITTED
     cover/call sign / grt+nrt AS PER DESCRIBTION
05) year/month built AUGUST 1990 + class RU lloyds or equivalent - if equivalent pls adv which
06) confirm engine/bridge aft CONFIRM
07) loa + beam + depth moulded AS PER DESCRIBTION
08) draft fully laden on ssw/winter + corresponding tpi/c's
     dw summer + winter AS PER DESCRIBTION
09) grain/bale cap: total and holdwise distribution (mainholds only) AS PER DESCIBTION
10) no. of hatches, dims and type of hatchcovers AS PER DESCIBTION
11) no. of holds AS PER DESCIBTION
     a) are the holds hoppered ?
     b) confirm no obstacles/obstructions/pillars in holds/on tanktop NO
     c) confirm tanktop is steel, strenghtened and suibtable for
        grab discharge YES
     d) adv if vsl is fully cargobattensfitted NO AVAILABLE
12) gear: type + capacity, grab fitted ? AS PER DESCRIBTION / NO GRABS
     place/date of last quadrennial cargo gear survey
     re derricks: pls advise set-up (u/p or selfswinging)
13) owners'/disp owners': p+i club
                          : h+m insurers
                          : h+m value
     owners p+i club incl full add/validity date of cover hull+mach
     insured value incl insurers full style/add.
     name + address of owning company + managers incl tlx/fax/phone
     if disp owners are tc/owners pls state date of del and period
     owners bankers / ref mic + account no.
     confirmation from p+i club and hull and machinery insurers tht
     vessel is fully covered by owners/disponent owners for intended
     voyage and until when premiums paid to: SINORICHES DLN  FAX 86 411 88803803
14) last special survey
     last drydocked + bottom painted place + date JUNE 2003
     last hold painting/last sandblasting of holds
15) validity periods of foll certificates:
     a) safety certificate (both eqipment+construction) FEB 2008
     b) classification and vsl's class/society

c) international cerificate
16) masters name: PAVEL S. TRET'YAKOV masters nationality: RUSSIAN
   master employed since:
17) vessel's telex/satcom no: AS GIVEN
18) distance witohc in ballasted condition
19) hold ladders fitted - type and dims
20) service speed 13 KNTS
21) airdraft in ballast condition
22) last 3 cargoes carried (starting with last) PRIMARY ALUMINIUM, SAWLOGS, STEEL SCRAP

END.

# 南洋商業銀行
NANYANG COMMERCIAL BANK

## 境外匯款申請書
APPLICATION FOR FUNDS TRANSFERS (OVERSEAS)

致：
TO:

日期
Date

☐ 電匯 T/T   ☐ 票匯 D/D   ☐ 信匯 M/T

發電等級
Priority   ☐ 普通 Normal   ☐ 加急 Urgent

SHK REF. UB-DE-STOFIT062035

| 20 | 申報號碼 BOP Repaying No. | | 銀行業務編號 Bank Transac. Ref.No. | | | 收電行／付款行 Receive/Drawn on | |
|---|---|---|---|---|---|---|---|

| 32A | 匯款幣別及金額 Currency & Interbank Settlement Amount | | 金額大寫 Amount in Words | |
|---|---|---|---|---|
| | 售匯金額 Amount of FX | | 賬號 Account No./Credit Card No. | |
| | 購匯金額 Amount of Purchase | | 賬號 Account No./Credit Card No. | |
| | 其他金額 Amount of Others | | 賬號 Account No./Credit Card No. | |

| 50a | 匯款人名稱及地址 Remitter's Name & Address | |
|---|---|---|

☐ 對公 組織機構代碼 Org. Code ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ - ☐   ☐ 對私 個人身份證件號碼 Individual ID NO.
☐ 中國境內個人 Resident Individual   ☐ 中國境外個人 Non-Resident Individual

| 54/56a | 收款銀行之代理行名稱及地址 Correspondent of Beneficiary's Bank Name & Address | HSBC ... 1854 MAIN TERS ... CHINATOWN ... |
|---|---|---|

| 57a | 收款人開戶銀行名稱及地址 Beneficiary's Bank Name & Address | 收款人開戶銀行代收代付銀行號 Bene's Bank A/C No. ... INDUSTRIAL BANK OF KOREA PUSAN BR |
|---|---|---|

| 59a | 收款人名稱及地址 Beneficiary's Name & Address | 收款人賬號 Bene's A/C No. SP-USD-0013.7... |
|---|---|---|

| 70 | 匯款附言 Remittance Information | 其最140字字位 Not Exceeding 140 Characters | 71A | 國內外費用承擔 All Bank's Charges If Any Are To Be Borne By ☐ 匯款人 OUR   ☐ 收款人 BEN   ☐ 共同分擔 SHA |
|---|---|---|---|---|

收款人常住國家（地區）名稱及代碼   Resident Country/Region Name & Code

☐ 預付貨款 Advance Payment   ☐ 貨到付款 Payment Against Delivery   ☐ 退款 Refund   ☐ 其他 Others

| 交易編碼 BOP Transac. Code | | 相應幣種及金額 Currency & Amount | | 交易附言 Transac. Remark |
|---|---|---|---|---|

REMITTANCE AMOUNT : USD5,837,000.00
COM USD64.00
TLX/POSTAGE USD15.00
FROM: A/C 043-457-1-000533-8 USD5874,079.00

| 銀行專用欄 For Bank Use Only | 申請人簽章 Applicant's Signature | 銀行簽章 |
|---|---|---|

OCEANLINK NAVIGATION CO LTD
BENE. L/C : SP-USD-0013.7.01
BENE: RICHLINE SHIPPING LTD
A0000003825 14:08:20 20070
OCEANLINK NAVIGATION CO LIMITED 91102

Authorized Signature(s)

| 支付費用方式 In Payment of the Remittance | ☐ 現金 by Cash ☐ 支票 by Check ☐ 轉賬 from Account | 申請人簽名 Name of Applicant 電話 Phone No. | 核准人簽字 Authorized Person 日期 Date |
|---|---|---|---|

| 經辦 Sig. Ver. | | 經辦 Maker | | 複核 Checker |
|---|---|---|---|---|

請詳閱申請書後面條款及填報說明
Please read the conditions and instructions overleaf before filling in this application.

From: "Seapride Maritime" <seapride@otenet.gr>
To: "CALDER ATH" <calder@otenet.gr>
Subject: <No Subject>
CC: <No CC specified>
Date: Fri, 06 Jul 2007 18:36:54 +0300

re Sinoriches future freight payments

Pls be advised that we discussed with Charlie the contents of your msge today and he advised us that he will not remit the funds via his OceanLink Navigation bank account but via his new company SGL Shipping Ltd.

rgrds

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CALDER SEACARRIER CORP.,

     Plaintiff,

   -against-

VIKING MARINE S.A. and SINORICHES
GLOBAL LTD, a/k/a SGL SHIPPING
LIMITED,

     Defendants.

**O7 CV 6520 (LAK)**

<u>AFFIDAVIT IN SUPPORT OF
PRAYER FOR ATTACHMENT
AND GARNISHMENT</u>

STATE OF NEW YORK  :
         : SS.:
COUNTY OF NEW YORK :

   GARTH S. WOLFSON, being duly sworn, deposes and says:

  1.  I am a partner with the law firm of MAHONEY & KEANE, LLP, counsel of record for Plaintiff, CALDER SEACARRIER CORP. (CALDER), in the above-referenced action. As such, I am familiar, based upon my review of the file maintained by my office, with the background of this matter.

  2.  I make this Affidavit in support of Plaintiff, CALDER SEACARRIER CORP's ("CALDER" or "Plaintiff"), prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure [hereinafter "Rule B"].

## AS AND FOR CLAIMS AGAINST DEFENDANT VIKING

3.    Upon information and belief, on or about June 6, 2007, CALDER, as Charterer, and VIKING MARINE S.A. ("VIKING"), as owner, entered into a charter agreement for the use of the M/V VERA (Vessel) for service between ports China and Singapore to ports in the Mediterranean. A copy of the fixture is herewith attached as **Exhibit A**.

4.    On or about July 18, 2007, in repudiatory breach of the charter, Defendant VIKING removed the vessel from service under the charter to lift a cargo at Xingang for VIKING's own purposes.

5.    Moreover, in further breach of the charter party, on or about July 6, 2007, July 11, 2007 and July 19, 2007, Defendant approached CALDER's shippers, <u>inter alia</u>, Defendant SINORICHES, and convinced them to avoid their obligations to CALDER and pay freight directly to VIKING.

6.    Net freight CALDER would have received from sub-contracting parties, including Sinoriches, Farmbridge, and MS Steel International, for carriages from Changshu, Dalian, Jintang, and Lianyngang to Ravenna, Aqaba, and Skikda, would have totaled $3,070,238.50. See **Exhibit B**.

7.    CALDER's costs for those shipments total $150,663.00. (Id.).

8.    Net lump sum freight to defendant totals $2,556,937.50. (Id.).

9.    Accordingly, CALDER's estimated lost profit amounts to $362,638.03. (Id.).

10.    In addition, claims from CALDER's contracting parties, as best as can presently be estimated, would amount to at least approximately $200,000. (Id.).

11.    English arbitrators are expected to find under English law that CALDER is entitled to aggravated or exemplary damages arising out of Defendant's tortuous interference with

Calder's contracts. Such damages are estimated to add an extra 10% to 15% to the underlying damages (approximately $80,000). (Id.).

12.     CALDER's English counsel estimates that solicitors and experts' fees for the arbitration would total around $250,000, and arbitrators' fees would run another $100,000. (Id.).

13.     As of today, CALDER's total claim against Defendant VIKING amounts to **$1,071,286.31**

<u>AS AND FOR A CLAIM AGAINST DEFENDANT SINORICHES</u>

14.     Upon information and belief, on or about June 7, 2007, CALDER, as entitled to do so by reason of its charter with Defendant VIKING, entered into a fixture with SINORICHES GLOBAL LTD, a/k/a, SGL SHIPPING LIMITED ("SINORICHES"), for the shipment by SINORICHES of a cargo of steel products on board the M/V VERA. A copy of the fixture is herewith attached as **Exhibit C.**

15.     Upon information and belief, Defendant SINORICHES breached its contract of affreightment with Plaintiff, by failing to pay freight charges, as per the terms of the fixture.

16.     Under the referenced fixture, Defendant SINORICHES incurred freight charges estimated at $1,529,360.53. See **Exhibit D.**

17.     SINORICHES has paid $131,261.13 of the freight charges under the referenced fixture. (Id.).

18.     As such, SINORICHES has failed, despite demands, to provide the balance of the freight due to Plaintiff under the terms of the fixture. The balance of the freight currently due to Plaintiffs is $1,398,099.40. (Id.).

19.     CALDER's English counsel estimates that solicitors and experts' fees for the

arbitration would total around $250,000, and arbitrators' fees would run another $100,000. (Id.).

20.    As of today, CALDER's total claim against Defendant SINORICHES amounts to **$1,950,684.00**. (Id.).

<u>AS AND FOR ALLEGATIONS IN SUPPORT OF RULE B ATTACHMENT</u>

21.    On July 19, 2007, Plaintiff filed a Summons and Complaint with the Clerk of the Court for the United States District Court in the Southern District of New York, seeking the above-stated damages from Defendant VIKING.

22.    On August 1, 2007, Plaintiff amended its original Complaint to assert a cause of action against shipper SINORICHES.

23.    I have made an investigation and am informed and believe based upon the results of this investigation, that Defendants, VIKING MARINE S.A. ("VIKING") and SINORICHES GLOBAL LTD, a/k/a SGL SHIPPING LIMITED ("SINORICHES") are foreign corporations or other foreign business entity which cannot be "found" within the district for the purposes of an attachment under Rule B.  In support of this position, deponent has conducted the following investigation:

24.    I have contacted the office of the Secretary of State, Division of Corporations on July 19, 2007, and July 30, 2007, through its information data base and there was no current listing for Defendant VIKING MARINE S.A., SINORICHES GLOBAL LTD, or SGL SHIPPING LIMITED.

25.    I have reviewed the current telephone directories, and also consulted with Directory Assistance for the areas over which this District, the United States District Court for the Southern District of New York, has jurisdiction, specifically New York (Manhattan) Borough,

Bronx Borough, Dutchess, Westchester, Rockland, Sullivan, Orange, and Putnam Counties:

(a)     No listing for Defendants VIKING or SINORICHES, was found, nor was any listing for a similarly named corporation found;

(b)     Deponent is unaware of any general or managing agent within the Southern District of New York for Defendants;

(c)     No papers held by Plaintiff, and reviewed by this deponent indicate any presence of Defendants in or around the New York City area;

(d)     A search of the internet, or worldwide web, using search engines Google and Yahoo failed to demonstrate any presence of Defendants in or about the New York City area.

26.     Based upon the foregoing, Plaintiff respectfully submits that Defendants cannot be found within this District within the meaning of Rule B including, <u>inter alia</u>, the continuous or systematic conduct of business in this district.

27.     Additionally, Plaintiff respectfully submits the foregoing application for Rule B security, in full accordance with <u>Aqua Stoli Shipping v. Gardner Smith Pty Ltd.</u>, 460 F.3d 434 (2d Cir. 2006), and the notice pleading requirements of the Federal Rules of Civil Procedure.

28.     Upon information and belief, Defendants have or will have during the pendency of this action, tangible and intangible property within the District in the hands of Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P.Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., DBS Bank Ltd and/or other financial institutions found within the Southern District of New York.

29.     The reason Plaintiff is moving or order of attachment rather than regular motion is

the urgency of this matter.

30.     No application for this or similar relief has been sought in this district.

WHEREFORE, Plaintiff respectfully requests that the Court authorize the issuance of process in the form of a Writ of Maritime Attachment and Garnishment seeking attachment and garnishment of Defendants VIKING and SINORICHES' tangible and intangible property within this district, including, inter alia, such property in the hands of Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P.Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A, Deutsche Bank AG, ABN AMRO Bank N.V. and/or DBS Bank Ltd.

Garth S. Wolfson (GW 7700)

Sworn to before me this

_1 st_ day of August, 2007

Notary Public

JORGE RODRIGUEZ
NOTARY PUBLIC
State of New York No. 02RO6128023
Qualified in New York County
Term Expires 06/06/2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CALDER SEACARRIER CORP.,

                        Plaintiff,


            -against-                                    07 Civ. 6520 (LAK)


VIKING MARINE S.A. and SINORICHES GLOBAL
LTD., a/k/a SGL SHIPPING LIMITED,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                **ORDER**

```
┌─────────────────────────────┐
│ USDS SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #:                       │
│ DATE FILED:  10/16/2007      │
└─────────────────────────────┘
```

LEWIS A. KAPLAN, *District Judge.*

            For the reasons stated on the record in open court on October 15, 2007, the
Motion to Vacate Maritime Attachment [docket item 11] and the Motion for Counter-Security
[docket item 5] are denied.


            SO ORDERED.

Dated:  October 16, 2007


                                    _____
                                            Lewis A. Kaplan
                                    United States District Judge