Xylas & Ziccardi, LLP
Attorneys for Defendant
Viking Marine S.A.
500 Fifth Avenue
New York, New York 10110
(212) 490-9352

Richard M. Ziccardi (RZ 6651)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X

CALDER SEACARRIER CORP.,                    07 Civ. 6520 (LAK)

                        Plaintiff,

            -against-
                                            VERIFIED ANSWER
VIKING MARINE S.A. and SINORICHES           AND COUNTERCLAIM

GLOBAL LTD, a/k/a SGL SHIPPING

LIMITED, and SGL SHIPPING LIMITED

                        Defendants.
--------------------------------------------------X

        Defendant Viking Marine S.A. (hereinafter "Viking"), by its attorneys Xylas &

Ziccardi, LLP, hereby makes a restricted appearance within the meaning of Supplemental

Admiralty Rule E (8), and in connection thereto as and for its Verified Answer and

Counterclaim to the Second Amended Verified Complaint (hereinafter the "Complaint")

of Calder Seacarrier Corp., alleges upon information and belief as follows:


1.      Admits the allegations contained in paragraph 1 of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the allegations

        contained in paragraph 2 of the Complaint.

3.      Admits the allegations contained in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.


ANSWERING CLAIMS AGAINST DEFENDANT VIKING


6.      Admits the allegations contained in paragraph 6 of the Complaint.

7.      Denies the allegations contained in paragraph 7 of the Complaint.

8.      Denies the allegations contained in paragraph 8 of the Complaint.

9.      Denies the allegations contained in paragraph 9 of the Complaint.

10.     Denies the allegations contained in paragraph 10 of the Complaint.

11.     Denies the allegations contained in paragraph 11 of the Complaint.

12.     Denies the allegations contained in paragraph 12 of the Complaint.

13.     Admits that Plaintiff has given notice to Viking of certain alleged claims against Viking; but, except as so specifically admitted, denies the allegations contained in paragraph 13 of the Complaint.

14.     Denies the allegations contained in paragraph 14 of the Complaint.

15.     Denies the allegations contained in paragraph 15 of the Complaint.

16.     Denies the allegations contained in paragraph 16 of the Complaint.

17.     Admits the allegations contained in paragraph 17 of the Complaint.

18.     Denies the allegations contained in paragraph 18 of the Complaint.

19.     Denies the allegations contained in paragraph 19 of the Complaint.

20.     Admits the allegations contained in paragraph 20 of the Complaint.

21.     Admits the allegations contained in paragraph 21 of the Complaint.

22.     Denies the allegations contained in paragraph 22 of the Complaint.

23.     Admits the allegations contained in paragraph 23 of the Complaint.

24.     Denies the allegations contained in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 26 of the Complaint.

27.     Denies the allegations contained in paragraph 27 of the Complaint.


## AS AND FOR THE CLAIM AGAINST DEFENDANT SINORICHES/SGL


28.     Denies the allegations contained in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the allegations
        contained in paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint.

## AS AND FOR THE CLAIM, IN THE ALTERNATIVE, AGAINST SGL

45.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Complaint.

54.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Complaint.

55.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55 of the Complaint.

56.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Complaint.

57.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 58 of the Complaint.

59.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 59 of the Complaint.

60.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Complaint.

61.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 61 of the Complaint.

## AS AND FOR ALLEGATION IN SUPPORT OF RULE B ATTACHMENT

62.    Admits that Defendant Viking cannot be found within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims within this District; but, except as so specifically admitted, denies the remaining allegations contained in paragraph 62 of the Complaint as to

Defendant Viking and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Complaint concerning the other defendants.

63.     Denies the allegations contained in paragraph 63 of the Complaint.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64.     The Complaint fails to state a cause of action upon which a relief can be granted.


## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65.     The claims herein are subject to arbitration in London pursuant to the terms of the charterparty contract between Plaintiff and Viking.


## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66.     Pursuant to the terms of the charterparty, Viking is not liable for the amounts sought by Plaintiff in this action.


## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67.     Pursuant to English Law which governs the charterparty contract between Plaintiff and Viking, Viking is not liable for the amounts sought by plaintiff in this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68.    The Court lacks jurisdiction over Viking and the subject matter herein.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69.    Plaintiff has not affected valid service of process on Viking in this matter.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70.    Plaintiff has failed to mitigate its damages.

## AS AND FOR A FIRST COUNTERCLAIM BY DEFENDANT VIKING

71.    Repeats and realleges each and every denial and denial of knowledge or

information sufficient to form a belief contained in paragraphs 1-70 of this

Answer as though fully set forth herein.

72.    The governing charterparty between Plaintiff and Defendant Viking contained a

prohibition on sub-letting the Vessel, which prohibition Plaintiff repeatedly

violated.

73.    Defendant Viking repeatedly urged Plaintiff to resile and desist from further

breaches of the charterparty in relation to sub-letting the Vessel, but Plaintiff

continued its actions in breach of the charterparty contract.

74.     In addition, Plaintiff refused to pay to Defendant Viking freight due under the charterparty despite repeated and proper demands by Viking.

75.     Plaintiff refusal to pay freight and its flagrant, repeated and continuing breaches of the no sub-letting provision of the charterparty amounted to a repudiatory breach of the charterparty contract.

76.     After repeated invitations to Plaintiff to observe and perform the original terms of the charterparty were ignored by Plaintiff, Defendant Viking accepted the repudiatory breaches of contract by the Plaintiff in:

i)      Refusal to pay freight earned,

ii)     Refusal to nominate agents on terms consistent with the terms of the charterparty, and

iii)    Repeated breaches of the no sub-letting provisions, and declared the charterparty contract was at an end due to Plaintiff's repudiatory breach of contract.

77.     As a result of Plaintiff's repudiatory breaches of the charterparty contract, Defendant Viking has incurred loss and damages for which Plaintiff is liable under the terms of the charterparty contract and at law.  Following its acceptance of Plaintiff's repudiation, Viking proceeded to mitigate its loss and damages by fixing the Vessel elsewhere.

78.     Defendant Viking's best present estimate as to the loss and damages it suffered is $509,328.45 as set forth in Exhibit A attached hereto.  Defendant Viking reserves the right to amend or alter this calculation, including but not limited to its

calculation of demurrage due to Viking under the charterparty, as necessary and appropriate.

79.    Viking agrees with Plaintiff's estimate that the fees of solicitors and experts in London arbitration would total around $250,000 and that arbitrator fees would total approximately $100,000 and that the prevailing party in London arbitration would be awarded said fees.

80.    By reason of the foregoing, Plaintiff is liable to Viking for damages of at least $859,328.45, exclusive of interest, and pursuant to Rule E (7) of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure, Viking is entitled to counter- security to be posted by Plaintiff in the amount of Viking's counterclaim.

WHEREFORE, Defendant Viking prays for the following relief:

1.    Dismissal of Plaintiff's complaint against Defendant Viking in its entirety;

2.    Grant of Defendant Viking's Counterclaim;

3.    In the alternative, a stay of the present action pending arbitration of the disputes in London under the governing charterparty and an Order pursuant to Rule E (7) granting counter-security to Defendant Viking in the amount of at least $859,328.45; and

4.    For such other and further relief as this Honorable Court may deem just and proper.

Dated:  New York, New York
        November 7, 2007

                                                                           XYLAS & ZICCARDI, LLP
Attorneys for Defendant
Viking Marine S.A.


S/_____
Richard M. Ziccardi (RZ 6651)
500 Fifth Avenue
New York, New York 10110
(212) 490-9352
ziccardilaw@aol.com

11

## FOR THE FREIGHT

### Vera – Calder freights

Lumpsum freight agreed: $ 2,622,500 less 2.5% address $ 65,562.50

Net due to Owners $ 2,556,937.50

### Freights received under present C/Ps:

| | |
|---|---|
| $ 1,398,007.40 | - received from Sinoriches (Calder) Changshu/Ravenna |
| $ 513,298.86 | - received from Farmbridge (ex Calder parcel but under new  c/p Dalian/Ravenna) |
| $ 363,796.20 | - machinery Linyungang/Algeria (new fixture Sinoriches ex Calder parcel) |
| $ 166,131.58 | - pipes Xingang/Ravenna (Farmbridge – new fixture) |
| $ 152,100 | - pipes Xingang/Taranto –(Farmbridge new fixture) |
| $ 359,775.01 | - steel Xingang/Damietta (MS Steel Dubai new fixture) |

------------

$ 2,801,009.05    total freight received

| D/A paid or to be paid: Dalian | $ 59,000 paid |
|---|---|
| Xingang | $ 22,000 paid |
| Lianyunggang | $ 15,200 paid |
| Damietta | $ 16,000 to be paid (abt) |
| Algeria | $ 30,000 to be paid (abt) |
| Taranto | $ 38,000 to be paid (abt) |
| Ravenna | $ 35,000 to be paid (abt) |

Total d/a about $ 215,000

Freight received $ 2,801,009.05 less approx d/a $ 215,000 = $ 2,585,809.05

## FOR THE DEMURRAGE

**Time (laytime) spent at loading ports:**
Changshu and Dalian 14,5 days
Xingang arrived on 14th July sailed 30th July = 16 days
Lianyungang arrived 1st Aug – sailed 4th Aug = 4 days

Total: 34,5 days

**Time (laytime) to be spent approximately at discharging ports:**

| Damietta = | 7 days |
|---|---|
| Algeria = | 4 days |
| Taranto = | 4 days |
| Ravenna = | 10 days |

Total: 25 days

### Demurrage:

Calder 25 days wwd shex
Now 59.5 days

EXHIBIT A

Difference:    34.5 days equal to $552,000 less 2.5% adc $538,200 net

**FOR THE DAMAGES:**

Under Calder c/p Owners would make profit of $ 2,556,937.50 plus days of demurrage(less adc) =
$ 2,556,937.50 + $538,200 = $ 3,095,137.50

Now Owners' profit under present c/ps $ 2,585,809.05 (no demurrage as cqd terms applied)

**Difference amounting to Owners damages are $509,328.45**

EXHIBIT A

13

## ATTORNEY VERIFICATION

State of Connecticut    )
                        )ss.:
County of Fairfield     )

      Richard M. Ziccardi, being duly sworn, deposes and says:

1.     I am a partner with the law firm of Xylas & Ziccardi, LLP, attorneys for
     Defendant Viking in this action. I have read the foregoing Verified Answer and
     Counterclaim and know the contents thereof, and the same is true to the best of
     my knowledge, information and belief.

2.     The reason that this verification is made by an attorney and not by Defendant
     Viking is because Viking Marine is a foreign entity, none of whose officers are
     presently within this District.

3.     The sources of my information and the grounds for my belief are information and
     documents provided to me by Viking and its counsel regarding the counterclaim
     and the claims made in the Complaint.

                                                Richard M. Ziccardi

Sworn to before me this 7TH
day of November 2007

Notary Public

KYANA O'BANNER
NOTARY PUBLIC
State of Connecticut
My Commission Expires
October 31, 2010

14

14

Xylas & Ziccardi, LLP
Attorneys for Defendant
Viking Marine S.A.
500 Fifth Avenue
New York, New York 10110
(212) 490-9352

Richard M. Ziccardi (RZ 6651)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

CALDER SEACARRIER CORP.,                              07 Civ. 6520 (LAK)

                       Plaintiff,

         -against-

                                         VERIFIED ANSWER

VIKING MARINE S.A. and SINORICHES    AND COUNTERCLAIM

GLOBAL LTD, a/k/a SGL SHIPPING

LIMITED, and SGL SHIPPING LIMITED

                    Defendants.
-------------------------------------------------X

      Defendant Viking Marine S.A. (hereinafter "Viking"), by its attorneys Xylas &

Ziccardi, LLP, hereby makes a restricted appearance within the meaning of Supplemental

Admiralty Rule E (8), and in connection thereto as and for its Verified Answer and

Counterclaim to the Second Amended Verified Complaint (hereinafter the "Complaint")

of Calder Seacarrier Corp., alleges upon information and belief as follows:

1.      Admits the allegations contained in paragraph 1 of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the allegations

          contained in paragraph 2 of the Complaint.

3.      Admits the allegations contained in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 5 of the Complaint.


## ANSWERING CLAIMS AGAINST DEFENDANT VIKING


6.      Admits the allegations contained in paragraph 6 of the Complaint.

7.      Denies the allegations contained in paragraph 7 of the Complaint.

8.      Denies the allegations contained in paragraph 8 of the Complaint.

9.      Denies the allegations contained in paragraph 9 of the Complaint.

10.     Denies the allegations contained in paragraph 10 of the Complaint.

11.     Denies the allegations contained in paragraph 11 of the Complaint.

12.     Denies the allegations contained in paragraph 12 of the Complaint.

13.     Admits that Plaintiff has given notice to Viking of certain alleged claims against

Viking; but, except as so specifically admitted, denies the allegations contained in

paragraph 13 of the Complaint.

14.     Denies the allegations contained in paragraph 14 of the Complaint.

15.     Denies the allegations contained in paragraph 15 of the Complaint.

16.     Denies the allegations contained in paragraph 16 of the Complaint.

17.     Admits the allegations contained in paragraph 17 of the Complaint.

18.     Denies the allegations contained in paragraph 18 of the Complaint.

19.     Denies the allegations contained in paragraph 19 of the Complaint.

20.    Admits the allegations contained in paragraph 20 of the Complaint.

21.    Admits the allegations contained in paragraph 21 of the Complaint.

22.    Denies the allegations contained in paragraph 22 of the Complaint.

23.    Admits the allegations contained in paragraph 23 of the Complaint.

24.    Denies the allegations contained in paragraph 24 of the Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 25 of the Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 26 of the Complaint.

27.    Denies the allegations contained in paragraph 27 of the Complaint.


### AS AND FOR THE CLAIM AGAINST DEFENDANT SINORICHES/SGL


28.    Denies the allegations contained in paragraph 28 of the Complaint.

29.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 29 of the Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 30 of the Complaint.

31.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 31 of the Complaint.

32.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 32 of the Complaint.

33.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint.

34.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint.

35.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint.

36.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint.

37.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint.

40.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint.

41.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint.

42.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint.

43.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint.

44.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint.

<u>AS AND FOR THE CLAIM, IN THE ALTERNATIVE, AGAINST SGL</u>

45.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint.

46.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint.

47.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47 of the Complaint.

48.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint.

49.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint.

50.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint.

51.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint.

52.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 52 of the Complaint.

53.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the Complaint.

54.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 54 of the Complaint.

55.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 55 of the Complaint.

56.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 56 of the Complaint.

57.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 57 of the Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 58 of the Complaint.

59.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 59 of the Complaint.

60.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 60 of the Complaint.

61.    Denies knowledge or information sufficient to form a belief as to the allegations
       contained in paragraph 61 of the Complaint.


## AS AND FOR ALLEGATION IN SUPPORT OF RULE B ATTACHMENT


62.    Admits that Defendant Viking cannot be found within the meaning of Rule B of
       the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty
       and Maritime Claims within this District; but, except as so specifically admitted,
       denies the remaining allegations contained in paragraph 62 of the Complaint as to

Defendant Viking and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 62 of the Complaint concerning the other defendants.

63.     Denies the allegations contained in paragraph 63 of the Complaint.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64.     The Complaint fails to state a cause of action upon which a relief can be granted.


## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65.     The claims herein are subject to arbitration in London pursuant to the terms of the charterparty contract between Plaintiff and Viking.


## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66.     Pursuant to the terms of the charterparty, Viking is not liable for the amounts sought by Plaintiff in this action.


## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67.     Pursuant to English Law which governs the charterparty contract between Plaintiff and Viking, Viking is not liable for the amounts sought by plaintiff in this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68.    The Court lacks jurisdiction over Viking and the subject matter herein.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69.    Plaintiff has not affected valid service of process on Viking in this matter.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70.    Plaintiff has failed to mitigate its damages.

## AS AND FOR A FIRST COUNTERCLAIM BY DEFENDANT VIKING

71.    Repeats and realleges each and every denial and denial of knowledge or

information sufficient to form a belief contained in paragraphs 1-70 of this

Answer as though fully set forth herein.

72.    The governing charterparty between Plaintiff and Defendant Viking contained a

prohibition on sub-letting the Vessel, which prohibition Plaintiff repeatedly

violated.

73.    Defendant Viking repeatedly urged Plaintiff to resile and desist from further

breaches of the charterparty in relation to sub-letting the Vessel, but Plaintiff

continued its actions in breach of the charterparty contract.

74. In addition, Plaintiff refused to pay to Defendant Viking freight due under the charterparty despite repeated and proper demands by Viking.

75. Plaintiff refusal to pay freight and its flagrant, repeated and continuing breaches of the no sub-letting provision of the charterparty amounted to a repudiatory breach of the charterparty contract.

76. After repeated invitations to Plaintiff to observe and perform the original terms of the charterparty were ignored by Plaintiff, Defendant Viking accepted the repudiatory breaches of contract by the Plaintiff in:

   i)    Refusal to pay freight earned,

   ii)   Refusal to nominate agents on terms consistent with the terms of the charterparty, and

   iii)  Repeated breaches of the no sub-letting provisions, and declared the charterparty contract was at an end due to Plaintiff's repudiatory breach of contract.

77. As a result of Plaintiff's repudiatory breaches of the charterparty contract, Defendant Viking has incurred loss and damages for which Plaintiff is liable under the terms of the charterparty contract and at law.  Following its acceptance of Plaintiff's repudiation, Viking proceeded to mitigate its loss and damages by fixing the Vessel elsewhere.

78. Defendant Viking's best present estimate as to the loss and damages it suffered is $509,328.45 as set forth in Exhibit A attached hereto.  Defendant Viking reserves the right to amend or alter this calculation, including but not limited to its

calculation of demurrage due to Viking under the charterparty, as necessary and appropriate.

79.    Viking agrees with Plaintiff's estimate that the fees of solicitors and experts in London arbitration would total around $250,000 and that arbitrator fees would total approximately $100,000 and that the prevailing party in London arbitration would be awarded said fees.

80.    By reason of the foregoing, Plaintiff is liable to Viking for damages of at least $859,328.45, exclusive of interest, and pursuant to Rule E (7) of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure, Viking is entitled to counter- security to be posted by Plaintiff in the amount of Viking's counterclaim.

WHEREFORE, Defendant Viking prays for the following relief:

1.    Dismissal of Plaintiff's complaint against Defendant Viking in its entirety;

2.    Grant of Defendant Viking's Counterclaim;

3.    In the alternative, a stay of the present action pending arbitration of the disputes in London under the governing charterparty and an Order pursuant to Rule E (7) granting counter-security to Defendant Viking in the amount of at least $859,328.45; and

4.    For such other and further relief as this Honorable Court may deem just and proper.

Dated:  New York, New York
        November 7, 2007

                                           XYLAS & ZICCARDI, LLP
                                           Attorneys for Defendant
                                         Viking Marine S.A.


                                         S/_____
                                         Richard M. Ziccardi (RZ 6651)
                                         500 Fifth Avenue
                                         New York, New York 10110
                                         (212) 490-9352
                                         ziccardilaw@aol.com

## FOR THE FREIGHT

### Vera – Calder freights

Lumpsum freight agreed: $ 2,622,500 less 2.5% address $ 65,562.50

Net due to Owners $ 2,556,937.50

### Freights received under present C/Ps:

| | |
|---|---|
| $ 1,398,007.40 | - received from Sinoriches (Calder) Changshu/Ravenna |
| $ 513,298.86 | - received from Farmbridge (ex Calder parcel but under new c/p Dalian/Ravenna) |
| $ 363,796.20 | - machinery Linyungang/Algeria (new fixture Sinoriches ex Calder parcel) |
| $ 166,131.58 | - pipes Xingang/Ravenna (Farmbridge – new fixture) |
| $ 152,100 | - pipes Xingang/Taranto –(Farmbridge new fixture) |
| $ 359,775.01 | - steel Xingang/Damietta (MS Steel Dubai new fixture) |

--------------

$ 2,801,009.05    total freight received

D/A paid or to be paid:

| | | |
|---|---|---|
| | Dalian | $ 59,000 paid |
| | Xingang | $ 22,000 paid |
| | Lianyunggang | $ 15,200 paid |
| | Damietta | $ 16,000 to be paid (abt) |
| | Algeria | $ 30,000 to be paid (abt) |
| | Taranto | $ 38,000 to be paid (abt) |
| | Ravenna | $ 35,000 to be paid (abt) |

Total d/a about $ 215,000

Freight received $ 2,801,009.05 less approx d/a $ 215,000 = $ 2,585,809.05

## FOR THE DEMURRAGE

**Time (laytime) spent at loading ports:**
Changshu and Dalian 14,5 days
Xingang arrived on 14th July sailed 30th July = 16 days
Lianyungang arrived 1st Aug – sailed 4th Aug = 4 days

Total: 34,5 days

**Time (laytime) to be spent approximately at discharging ports:**

| | |
|---|---|
| Damietta = | 7 days |
| Algeria = | 4 days |
| Taranto = | 4 days |
| Ravenna = | 10 days |

Total: 25 days

Demurrage:

Calder 25 days wwd shex
Now 59.5 days

EXHIBIT A

12

Difference:    34.5 days equal to $552,000 less 2.5% adc $538,200 net

**FOR THE DAMAGES:**

Under Calder c/p Owners would make profit of $ 2,556,937.50 plus days of demurrage(less adc) =
$ 2,556,937.50 + $538,200 = $ 3,095,137.50

Now Owners' profit under present c/ps $ 2,585,809.05 (no demurrage as cqd terms applied)

Difference amounting to Owners damages are $509,328.45

EXHIBIT A

## ATTORNEY VERIFICATION

State of Connecticut )
                     )ss.:
County of Fairfield  )

Richard M. Ziccardi, being duly sworn, deposes and says:

1.  I am a partner with the law firm of Xylas & Ziccardi, LLP, attorneys for
    Defendant Viking in this action.  I have read the foregoing Verified Answer and
    Counterclaim and know the contents thereof, and the same is true to the best of
    my knowledge, information and belief.

2.  The reason that this verification is made by an attorney and not by Defendant
    Viking is because Viking Marine is a foreign entity, none of whose officers are
    presently within this District.

3.  The sources of my information and the grounds for my belief are information and
    documents provided to me by Viking and its counsel regarding the counterclaim
    and the claims made in the Complaint.

Richard M. Ziccardi

Sworn to before me this 7TH
day of November 2007

Notary Public

KYANA O'BANNER
NOTARY PUBLIC
State of Connecticut
My Commission Expires
October 31, 2010

14