Xylas & Ziccardi, LLP
Attorneys for Defendant
Viking Marine S.A.
500 Fifth Avenue
New York, New York 10110
(212) 490-9352

Richard M. Ziccardi (RZ 6651)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X

CALDER SEACARRIER CORP.,                    07 Civ. 6520 (LAK)

                    Plaintiff,

                                            MOTION FOR
          -against-                         COUNTER-SECURITY
                                            PURSUANT TO RULE (E) 7

VIKING MARINE S.A. and SINORICHES

GLOBAL LTD, a/k/a SGL SHIPPING

LIMITED, and SGL SHIPPING LIMITED

                    Defendants.
--------------------------------------------------X

To:     Garth S. Wolfson
        Mahoney & Keane, LLP
        Attorneys for Plaintiff
        111 Broadway
        New York, New York 10006
        (212) 385-1422
        gwolfson@mahoneykeane.com

SIRS:

        PLEASE TAKE NOTICE that the undersigned counsel for Defendant Viking

Marine, S.A. upon the accompanying memorandum of law dated November 9, 2007 and

upon all prior pleadings and proceedings herein, will move this Honorable Court, before

Judge Lewis A. Kaplan, at the United States Courthouse, located at 500 Pearl Street, New

York, New York, on such date as will be set by the Court, for an Order pursuant to

Supplemental Admiralty Rule E (7) granting Defendant Viking Marine S.A. counter-

security for the damages asserted in the counterclaim against Plaintiff filed in the instant

action, staying the proceedings herein until such time as counter-security has been posted,

and for such other and different relief as this Honorable Court may deem just and proper.

Dated:  New York, New York
       November 9, 2007

                          XYLAS & ZICCARDI, LLP
                          Attorneys for Defendant Viking Marine, S.A.


                          S/_____
                          Richard M. Ziccardi (RZ 6651)
                          500 Fifth Avenue
                          New York, New York 10110
                          (212) 490-9352
                          ziccardilaw@aol.com

Xylas & Ziccardi, LLP
Attorneys for Defendant
Viking Marine S.A.
500 Fifth Avenue
New York, New York 10110
(212) 490-9352

Richard M. Ziccardi (RZ 6651)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X

CALDER SEACARRIER CORP.,                    07 Civ. 6520 (LAK)

                    Plaintiff,

          -against-

VIKING MARINE S.A. and SINORICHES

GLOBAL LTD, a/k/a SGL SHIPPING

LIMITED, and SGL SHIPPING LIMITED

                    Defendants.
--------------------------------------------------X


**DEFENDANT VIKING MARINE S.A. MEMORANDUM
OF LAW IN SUPPORT OF SECOND
MOTION FOR COUNTER-SECURITY**

# TABLE OF CONTENTS

FACTUAL BACKGROUND……………………………………………………..1

ARGUMENT…………………………………………………………………...5

CONCLUSION…………………………………………………………………8

# TABLE OF AUTHORITIES

## FEDERAL CASES

<u>Afram Lines Int'l, Inc. v. The M/V Capetan Yiannis</u>, 905 F2d 347, 349 (11th Cir. 1990)……………………………………………………………………..……7

<u>Dongbu Express Co. v. Navios Corp.</u>, 944 F. Supp. 235, 237 (S.D.N.Y. 1996)……..…..6

<u>Result Shipping Co. v. Ferruzzi Trading USA</u>, 56 F. 3d 394 (2d. Cir. 1995)………….6,7

<u>Titan Navigation, Inc. v. Timsco, Inc.</u>, 652 F. Supp. 76, 78 (S.D. Tex. 1986)…………..5

Defendant Viking Marine S.A. ("Viking") appearing by and through its attorneys, Xylas & Ziccardi, LLP, submits the following in support of its second motion for counter-security pursuant to Rule E (7) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Defendant Viking's appearance herein is restricted within the meaning of Supplemental Admiralty Rule E (8).

## FACTUAL BACKGROUND

1.  Plaintiff commenced this action on July 19, 2007, by filing a complaint seeking the issuance of Process of Maritime Attachment pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. Section 1 *et seq* attaching assets of defendant Viking to secure plaintiff's claims against Viking in London arbitration proceedings.

2.  The London arbitration dispute arises out a charterparty contract between the parties dated June 6, 2007 concerning use of the vessel M/T VERA.  Plaintiff herein submitted its claims for breach of charter and interference with the contract to the London tribunal.

3.  Viking counterclaimed in the London arbitration proceeding that it suffered damages for breaches of the charter party, which amounted to a repudiatory course of conduct.

1

4.     The subject charterparty contains a clause setting forth that any disputes arising from the performance of the contract shall be referred to arbitration in the city of London, in accordance with the rules of the London Maritime Arbitration Association.  The charterparty agreement is governed by and subject to construction in accordance with English law.

5.     The London arbitration is proceeding with the parties having submitted points of claim, defense and counterclaim.

6.     As asserted by Plaintiff and confirmed by English counsel for Viking, interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings.

7.     Plaintiff estimated that an award in the London arbitration for costs (arbitration expenses) to the prevailing party would be approximately $100,000 and that an award for attorneys and experts fees would be approximately $250,000.  These estimates are also confirmed by Viking's English counsel.

8.     On July 20, 2007, an Order was entered in this action that Process of Maritime Attachment and Garnishment shall issue against Viking's property located within this district, as security for Plaintiff's claims in the London arbitration, in the amount of $950,000 representing the following:

    a.     On the principal claim      :      $600,000

      b.     Attorneys and Experts fees   :     $250,000

      c.     Arbitration expenses        :     $100,000

9.     Plaintiff seized certain of Viking's property located within this district in the approximate amount of $25,000 in July and/or August of 2007.

10.     On August 1, 2007, Plaintiff filed an amended complaint against Viking and an additional defendant, Sinoriches Global Ltd.  The allegations regarding Viking in the amended complaint are substantially similar to the original complaint, although the amount estimated for the principal claim in the London arbitration is now $721,286.31. The amended complaint also sought the issuance of process of Maritime Attachment pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act.  An Order issuing such process was entered on August 2, 2007.

11.     On October 15, 2007, the Court denied Viking's original motion for counter-security which motion was premised upon the counterclaim asserted by Viking in the London arbitration.  The Court held that the counterclaim by Viking in the London arbitration was not a counterclaim as recognized under the Federal Rules of Civil Procedure and within the meaning of Rule E (7).

12.     On October 25, 2007, Plaintiff filed a Second Amended Complaint against Defendants Viking Marine, S. A., Sinoriches Global Ltd. a/k/a SGL Shipping Limited,

and SGL Shipping Limited, again seeking the issuance of process of Maritime Attachment pursuant to Rule B. An Order issuing such process was signed by the Honorable Lewis A. Kaplan on October 25, 2007 and entered on November 5, 2007.

13.    On November 8, 2007, Viking filed a Verified Answer and Counterclaim in response to the Second Amended Complaint.  The counterclaim asserted therein arises from the same facts and circumstances as Plaintiff's original claim against Viking and is based on alleged breaches of the same charterparty between Plaintiff and Viking that forms the basis for the claim asserted in the Second Amended Complaint against Viking.

14.    Viking moves now for counter-security for damages asserted in its counterclaim in the instant action in the amount of $859,328.45, exclusive of interest.

<u>ARGUMENT</u>

Rule E (7) (a) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides as follows:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for good cause shown, directs otherwise.  Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

An Order granting Viking Marine counter-security is appropriate within the intent and language of Rule E (7).  Plaintiff herein obtained security for its alleged damages in the original action and has just recently had its ability to attach an even greater amount under Rule B approved by the Court.

In addition, it is clear from the record herein that Viking's counterclaim for repudiatory breaches of the charterparty, between Viking as Owner of the M/T VERA and Plaintiff Calder Seacarrier Corp. as charterer, as set forth in its Answer and Counterclaim herein, arises from the same "transaction or occurrence" because it stems from the same charterparty contract upon which Plaintiff based its claims.  <u>See Titan Navigation, Inc. v. Timsco, Inc</u>., 652 F. Supp. 76, 78 (S.D. Tex. 1986) (parties' claims "clearly arise out of the 'same transaction or occurrence' within the meaning of Rule E (7) where the claims of both parties 'are based … on the same contracts.'").

The calculation of Viking's Counterclaim is set forth in Exhibit A annexed to Viking's Answer and Counterclaim and shows a present estimate of $509,328.45. Plaintiff and Viking agree that it can be reasonably anticipated that the prevailing party in

the London arbitration between them will recover the fees of attorneys, experts and arbitrators.  Moreover, Plaintiff and Viking agree that the best present estimate for such fees is a total of $350,000.  Accordingly, Viking seeks counter-security in the amount of $859,328.45.

Viking is entitled to counter-security, for its claims of breach of contract based on breaches of the charterparty by Plaintiff, since the claim is not frivolous and the estimate of the value of the claim is reasonable under the circumstances.  See Dongbu Express Co. v. Navios Corp., 944 F. Supp. 235, 237 (S.D.N.Y. 1996) ("It is well-settled that in an attachment proceeding, the plaintiff need not prove its damages with exactitude … But the court must be satisfied that the … claims [of the party seeking security] are not frivolous.").

While the plain language of Rule E (7) appears to mandate an award of counter-security under the present facts and circumstances, Viking does not dispute that the rule conveys broad discretion upon the Court in its determination of whether counter-security should be granted at all and, if so, in what amount.  As noted by the Second Circuit in Result Shipping Co. v. Ferruzzi Trading USA, 56 F.3d 394, 399-400 (2d Cir. 1995):

> In exercising this discretion [regarding countersecurity], the court should be guided primarily by two principles, which sometimes conflict with one another.  On the one hand, the purpose of Rule E (7) is "to place the parties on an equality as regards security," … which usually favors granting countersecurity when a defendant whose property has been attached asserts non-frivolous counterclaims growing out of the same transaction, especially when the counterclaimant could have proceeded in rem or quasi in rem in an independent suit.  On the other hand, the Rule is not intended to impose burdensome costs on a plaintiff might prevent it from bringing suit.

Yet, there should be no question in the present case that "burdensome costs" would prevent Plaintiff from bringing suit.  It is clear that Plaintiff instituted the instant action for the sole purpose of obtaining security for its claims in the pending London arbitration between Plaintiff and Viking. Plaintiff's claims will be substantively adjudicated in that foreign proceeding.

Further, as to the first factor referenced in the <u>Result Shipping</u> Court's discussion, namely "equality as regards security", such factor does not require a mechanistic application of a dollar for dollar formula.  Counter-security determinations are squarely within the broad discretion of the Court and this Court has the ability to order counter-security in an amount greater than the security obtained by Plaintiff.  <u>See Afram Lines Int'l, Inc. v. The M/V Capetan Yiannis</u>, 905 F2d 347, 349 (11th Cir. 1990).  The <u>Afram</u> Court suggested that counter-security should generally not be granted in an amount greater than the original security *unless* the party seeking counter-security could have commenced the action *in rem* or *quasi in rem*. 905 F.2d at 350.  Viking believes that it could have proceeded *quasi in rem* for the damages it has suffered by Plaintiff's breaches and that this supports Viking receiving counter-security in the full amount requested.

In the alternative, Viking respectfully requests that it be granted an award of counter-security that provides at least the same amount, approximately $25,000, as Plaintiff has obtained by attachments of Viking's assets, as well as an award of additional security to match any additional assets of Viking that Plaintiff is able to attach in the future up to a maximum of $859,328.45, the amount of Viking's Counterclaim.

<u>CONCLUSION</u>

WHEREFORE, it is respectfully requested that this Honorable Court grant Viking's second request for counter-security, and enter an Order pursuant to Supplemental Admiralty Rule E (7) requiring Plaintiff Calder Seacarrier Corp to post $859,328.45, or such other amount as this Court deems just and equitable, as security for Viking's Counterclaim.  It is further requested that this Court enter an Order staying the proceedings herein until such time as the counter-security is posted, and vacating the attachment of Viking's assets in this District if counter-security is not posted within ten days of entry of an Order granting such counter-security, and granting such other and different relief as this Honorable Court may deem just and proper.

Dated: New York, New York
      November 9, 2007

                      XYLAS & ZICCARDI, LLP
                      Attorneys for Defendant
                      Viking Marine S.A.

                      s/_____
                      Richard M. Ziccardi (RZ 6651)
                      500 Fifth Avenue
                      New York, New York 10110
                      (212) 460-9352
                      ziccardilaw@aol.com

To:    Garth S. Wolfson
        Mahoney & Keane, LLP
        Attorneys for Plaintiff
        111 Broadway
        New York, New York 10006
        (212) 385-1422
        gwolfson@mahoneykeane.com