UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CALDER SEACARRIER CORP.,                    07 Civ. 6520 (LAK)

                       Plaintiff,
    -against-

VIKING MARINE S.A. and SINORICHES
GLOBAL LTD, a/k/a SGL SHIPPING
LIMITED, and SGL SHIPPING LIMITED,

                       Defendants.
------------------------------------X


## MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION


Garth S. Wolfson (GW 7700)

    Of Counsel

                    MAHONEY & KEANE, LLP
                Attorneys for Plaintiff
                CALDER SEACARRIER CORP.
             111 Broadway, Tenth Floor
                 New York, NY 10006
                  (212) 385-1422

## TABLE OF CONTENTS

*Page*

ARGUMENT.................................................2

POINT I.    VIKING IS NOT ENTITLED TO ANY
            COUNTER-SECURITY.............................1

CONCLUSION...............................................4

## ARGUMENT

**POINT I.  VIKING IS NOT ENTITLED TO ANY COUNTER-SECURITY.**

Counter-Security under Rule E can only be demanded by a counter-claimant "who has given security for damages in the original action." Fed. R. Civ. P. Supp. R.(E)(7)(a); see also, Advisory Committee Notes ("Subdivision 7 is amended to make it clear that a plaintiff need give security to meet a counterclaim only when the counterclaim is asserted by a person who has given security to respond in damages in the original action.").

Rule E(7) "is not intended to impose burdensome costs on a plaintiff that might prevent it from bringing suit." Result Shipping v. Ferruzzi Trading USA, 56 F.3d 394, 399 (2d Cir. 1995). Rather, when the Rule is properly invoked, it should only serve to "place parties on an equality as regards security." Id.

Accordingly, under the clear weight of authority in this Circuit, when counter-security is ordered, it should not exceed the amount of the funds under attachment. See, Clipper Shipping Lines Ltd. v. Global Transporte Oceanico S.A., No. 06 Civ. 15299 (PKL), 2007 U.S. Dist. LEXIS 18827 (S.D.N.Y. Feb. 26, 2007) ("To order that Clipper post security for the full

value of Global's counterclaim would not achieve equality because Global has not posted security for the full value of Clipper's claim against it."); Finecom Shipping Ltd. v. Multi Trade Enter. AG, No. 05 Civ. 6695 (GEL), 2005 WL 2838611, *2, 2005 U.S. Dist. LEXIS 25761, *6, 2005 A.M.C. 2952 (S.D.N.Y. Oct. 24, 2005).[1]

CALDER did succeed in attaching VIKING funds in the amounts of $5,925.00 and $19,143.00 at J.P. Morgan and Citibank, respectively, for a total of $25,068.00. That amount would have equated with the absolute maximum amount of counter-security which the Court would normally consider. Furthermore, VIKING's counter-claim is in the amount of $859,328.45, while the amount of the attachment order against VIKING is $950,000.00. Proportionately, therefore, assuming no change in circumstances had occurred, the amount of any counter-security could really not have exceeded $22,675.42.

But, as both the Court and VIKING's counsel have been previously advised, posting counter-security for VIKING's

---

[1] Afram Lines Int'l v. M/V Capetan Yiannis, 905 F.2d 347 (11th Cir. 2990), the case cited by VIKING, does not state otherwise, in fact holding "that the district court abused its discretion when it ordered Afram to post full countersecurity." Id. at 350. That case determined that the ability of the counter-claimant to have otherwise initially have brought its claim in rem or quasi in rem is a prerequisite to an order compelling counter-security, not a mandate for ordering an amount of counter-security in excess of the amount under attachment. Id. at 349.

counterclaim would be burdensome for CALDER, and CALDER has no interest in joining in gamesmanship with VIKING over who has the capacity to post the most security. VIKING never responded positively to CALDER's offer to "drop hands" on the matter and has opted to bring yet another motion on the issue rather than allow it to be mooted.

Nonetheless, VIKING's assertion that the $25,068.00 is restrained is no longer accurate. CALDER has instructed the banks to release the entirety of the VIKING funds which had been seized pursuant to the Court's order of attachment. Accordingly, no VIKING funds are being held by CALDER pursuant to Rule B attachment, so no counter-security under Rule E can be compelled in this matter. VIKING's second motion, like its last, is premature under the express provisions of the statute.

CONCLUSION.

WHEREFORE, plaintiff, CALDER SEACARRIER CORP., respectfully urges the Court to deny VIKING's motion for counter-security and a stay of proceedings as against VIKING and grant to CALDER such other and further relief as this Honorable Court may deem just and proper.

Dated:    New York, New York
          November 13, 2007

>                    Respectfully submitted,
>
>                    MAHONEY & KEANE, LLP
>                    Attorneys for Plaintiff
>                    CALDER SEACARRIER CORP.
>
> By: _____
>     Garth S. Wolfson (GW 7700)
>     111 Broadway, Tenth Floor
>     New York, New York 10006
>     (212) 385-1422