Xylas & Ziccardi, LLP
Attorneys for Defendant
Viking Marine S.A.
500 Fifth Avenue
New York, New York 10110
(212) 490-9352

Richard M. Ziccardi (RZ 6651)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
CALDER SEACARRIER CORP.,                07 Civ. 6520 (LAK)

              Plaintiff,

      -against-

VIKING MARINE S.A. and SINORICHES

GLOBAL LTD, a/k/a SGL SHIPPING

LIMITED, and SGL SHIPPING LIMITED

             Defendants.
-------------------------------------------------------X

DEFENDANT VIKING MARINE S.A. MEMORANDUM
OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO VIKING'S
<u>SECOND MOTION FOR COUNTER-SECURITY</u>

      Defendant Viking Marine S.A. ("Viking") appearing by and through its attorneys, XYLAS & ZICCARDI, LLP, submits the following in reply to Plaintiff's Opposition to Defendant Viking's Second Motion for counter-security pursuant to Rule E (7) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Defendant Viking's appearance herein is restricted within the meaning of Supplemental Admiralty Rule E (8).

ARGUMENT

Rule E (7) (a) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides as follows:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for good cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

Notwithstanding the contention of Plaintiff Calder Seacarrier Corp. (hereinafter "Plaintiff" or "Calder") that it has released funds of Defendant Viking, Viking remains entitled to counter-security under the literal dictates of Rule E (7). Viking has given security for damages asserted in the original claim and Viking's request for counter-security is based upon a counterclaim, filed in the instant action, which is an admiralty claim arising from the same facts and circumstances as Plaintiff's original claim. Despite Calder's present assertion that it has released that security, Calder retains the authority under the October 25, 2007 Order of this Court to attach assets of Viking found within this district up to the amount of $1,071,286.31.

The record reveals a fundamental inconsistency between Calder's present assertions and prior proceedings in this case. In a memorandum of law filed on September 21, 2007 in opposition to Vikings original motion for counter-security, Calder stated, *inter alia,* "[T]he burden on CALDER of posting counter-security would be prohibitive, *relative to CALDER'S assessment of the risk that Viking might avoid payment on any award in arbitration*" (Emphasis supplied). Calder's brief went on to imply that Calder viewed security from Viking as less important than security from the

other defendants in the case. Calder further asserted that "[S]hould the Court rule that VIKING is, in fact, entitled to counter-security … CALDER would thus ask the Court to vacate the attachment, as against VIKING only". (See Docket Entry #9)

On October 15, 2007, the Court denied Viking's original motion for counter-security. Notwithstanding this result and its previous assertions as to the burden of posting counter-security vis a vis the relatively minimal need for security from Viking, Calder filed a Second Amended Complaint on October 25, 2007 against Viking, and other defendants, and once again sought issuance of process for maritime attachment and garnishment pursuant to Rule B in the amount of $1,071,286.31 against assets of Viking. As noted above, the Court issued an Order for such process on the same date, October 25, 2007.

Given Calder's previous assertions on the record regarding the burden of posting counter-security relative to the need for security from Viking, it abused the process of this Court by including Viking as a defendant in the Second Amended Complaint and seeking fresh issuance of process to enable it to attach assets of Viking. If Calder always intended to release Viking's funds in the event of a renewed motion by Viking for counter-security (which motion could easily have been anticipated from comments in open court during the October 15, 2007 hearing), it could have foreclosed the matter simply by releasing the funds any time after October 15, 2007 and by not including Viking as a defendant in the Second Amended Complaint.

Accordingly, Calder's present suggestion that it is Viking that has engaged in gamesmanship is classic projection. It is significant in this regard that Calder has consciously refrained from asking the Court to vacate the present Order of attachment

3

against Viking and has thereby retained the right to attempt to attach Viking's assets in this district regardless of the purported direction to the relevant banks to release previously attached funds. This concern is compounded by Calder's reference, on page 3 of its memorandum in opposition, to Viking's present motion as "premature".

We noted in a prior memorandum regarding the original motion for counter-security that Plaintiff should have completed its assessment of the risk that Viking might avoid payment of an arbitration award well before it sought a Rule B order from the Court and before it faced an application for counter-security. That argument is all the more material under the present circumstances of the case. So, it is respectfully submitted again that this Court should not countenance a party seeking the benefits and protection of this Court and then electing to change its mind when faced with a valid claim for counter-security.

Finally, assuming *arguendo* that the Court accepts Calder's argument that its purported release of attached funds requires a denial of Viking's present motion for counter-security, Viking should be awarded at a minimum the attorneys' fees and costs associated with filing an Answer and Counterclaim to the Second Amended Complaint as well as the present motion.

## CONCLUSION

WHEREFORE, it is respectfully requested that this Honorable Court grant Viking's second request for counter-security, and enter an Order pursuant to Supplemental Admiralty Rule E (7) requiring Calder Seacarrier Corp. to post $859,328.45, or such other amount as this Court deems just and equitable as security for Viking's Counterclaim.  It is further requested that this Court enter an Order staying the proceedings herein until such time as the counter-security is posted, and vacating the attachment of Viking's assets in this District if counter-security is not posted within ten days of an Order granting such counter-security, and granting such other and different relief as this Court may deem just and proper.

Dated: New York, New York                     XYLAS & ZICCARDI, LLP
       November 16, 2007                         Attorneys for Defendants
                                                                            Viking Marine S.A

                                                                            S/_____
                                                                            Richard M. Ziccardi (RZ 6651)
                                                                            500 Fifth Avenue
                                                                            New York, New York 10110
                                                                            (212) 490-9352
                                                                            ziccardilaw@aol.com

To:    Garth S. Wolfson
          Mahoney & Keane, LLP
          Attorneys for Plaintiff
          111 Broadway
          New York, New York 10006
          (212) 385-1422
          gwolfson@mahoneykeane.com /ecf