```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CALDER SEACARRIER CORP.,                    07 Civ. 6520 (LAK)

                    Plaintiff,
         -against-                          PLAINTIFF'S ANSWER
                                            TO DEFENDANT
VIKING MARINE S.A., SINORICHES              VIKING'S COUNTER-
GLOBAL LTD. a/k/a SGL SHIPPING              CLAIM
LIMITED, and SGL SHIPPING LIMITED,

                    Defendants.
------------------------------------X
```

PLEASE TAKE NOTICE that Plaintiff CALDER SEACARRIER CORP. ("CALDER"), by its attorneys, MAHONEY & KEANE LLP, hereby answers Defendant VIKING MARINE S.A.'s ("VIKING") counterclaims as follows:

<u>AS AND FOR AN ANSWER TO DEFENDANT VIKING'S FIRST COUNTER-CLAIM</u>

1. Plaintiff denies each and every allegation contained in paragraph "71" of Defendant's Verified Answer with Counterclaim.

2. Plaintiff denies each and every allegation contained in paragraph "72" of Defendant's Verified Answer with Counterclaim.

3. Plaintiff denies each and every allegation contained in paragraph "73" of Defendant's Verified Answer with Counterclaim.

4. Plaintiff denies each and every allegation contained in paragraph "74" of Defendant's Verified Answer with Counterclaim.

5. Plaintiff denies each and every allegation contained in paragraph "75" of Defendant's Verified Answer with Counterclaim.

6. Plaintiff denies each and every allegation contained in paragraph "76" of Defendant's Verified Answer with Counterclaim.

7. Plaintiff denies each and every allegation contained in paragraph "77" of Defendant's Verified Answer with Counterclaim.

8. Plaintiff denies each and every allegation contained in paragraph "78" of Defendant's Verified Answer with Counterclaim.

9. Plaintiff denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "79" of Defendant's Verified Answer with Counterclaim.

10. Plaintiff denies each and every allegation contained in paragraph "80" of Defendant's Verified Answer with Counterclaim.

AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

11. Defendant's Counterclaim fails to state a claim against Plaintiff on which relief can be granted.

AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

12. Plaintiff is not liable to Defendant on the causes of action alleged in the Counterclaim.

AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

13. Plaintiff leaves Defendant to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid agreement, contract of carriage, charter party, fixture, booking note, bill of lading, service agreement, etc.

AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

14. Defendant's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading, contract of carriage, charter agreement, the United States Carriage of Goods by Sea Act, 1936 and/or the Doctrine of Laches.

AS AND FOR AN FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

15. Any damages sustained by Defendant, as alleged in the Counterclaim, were proximately, directly, and solely caused by the negligent acts of third persons over whom Plaintiff had and has no direction or control.

AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

16. Defendant knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

17. Any injuries that may have been sustained by Defendant, as alleged in its Counterclaim, occurred as a direct result of Defendant's own negligent conduct, and not by any negligence of Plaintiff and, as such, Defendant is barred from recovery in this action.

AS AND FOR A EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

18. Defendant is guilty of culpable conduct in the events giving rise to the claims now asserted in Defendant's Counterclaim, and its recovery, if any, must be diminished in proportion thereto.

AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

19. Defendant herein has failed to mitigate its damages.

AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

20. Defendant's claims are unaccrued, premature and/or not ripe for adjudication by this Honorable Court.

AS AND FOR A ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

21. Defendant has not suffered or pleads any direct loss caused by Plaintiff.

## AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

22. Defendant's claims are contingent liabilities not meriting the allowance of the previously ordered request for counter-security and should be vacated forthwith.

## AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

23. Defendant has already obtained adequate security.

## AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

24. Defendant is not entitled to counter-security by order of the court.

## AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

25. Defendant is not entitled to counter-security, since defendant's property is not currently under restraint.

## AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

26. This Answer to Defendant's Counterclaim is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

WHEREFORE, Plaintiff CALDER prays:

(A) That judgment be entered in favor of Plaintiff CALDER, together with costs, disbursements, fees, etc, and that Defendant's Counterclaim be dismissed;

(B) That this Court abstain from vacating the Order and Writ of Attachment previously issued against Defendant's property in the Southern District;

(C) That this Court abstain from directing garnishees and/or parties holding property of Defendant VIKING to release said property;

(D) That this Court abstain from staying the present action;

(E) That this Court abstain from entering an Order pursuant to Supplemental Rule E(7)(a), for Countersecurity in favor of Defendant VIKING; and

(F) That judgment be entered in favor of Plaintiff for any such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          November 29, 2007

                                    Respectfully submitted,

                                    MAHONEY & KEANE, LLP
                                    Attorneys for Plaintiff
                                    CALDER SEACARRIER CORP.
                              By:   _____
                                    Garth S. Wolfson (GW 7700)
                                    111 Broadway, Tenth Floor
                                    New York, New York  10006
                                    (212) 385-1422