William R. Bennett, III (WB 1383)
Bennett, Giuliano, McDonnell & Perrone, LLP
**Attorneys for Defendant**
SINORCHES GLOBAL LTD. a/k/a
SGL SHIPPING LIMITED
225 West 34th Street, Suite 402
New York, New York 10122
Telephone:   (646) 328-0120
Facsimile:    (646) 328-0121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CALDER SEACARRIER CORP.,                             07 Civ. 6520 (LAK)

        Plaintiff,

- against –

VIKING MARINE S.A. and SINORICHES GLOBAL
LTD. a/k/a/ SGL SHIPPING LIMITED,

        Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SINORICHES GLOBAL LTD.'S MOTION TO DISMISS THE COMPLAINT

Submitted by,

William R. Bennett, III (WB 1383)
Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant
SINORCHES GLOBAL LTD.
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:   (646) 328-0120
Facsimile:    (646) 328-0121

## INTRODUCTION

Defendant, Sinoriches Global Limited ("Sinoriches"), submits this Memorandum of Law in support of its motion to dismiss the complaint on the grounds that plaintiff (1) fails to state a claim upon which relief may be granted; and (2) lacks standing to sue.

## STATEMENT OF FACTS

The plaintiff, Calder Seacarrier Corp. ("Calder") filed a Summons and Complaint on July 19, 2007 naming Viking Marine, S.A. as the sole defendant. On August 1, 2007 Calder filed an Amended Complaint adding Sinoriches as a defendant. On October 23, 2007, Calder filed a Second Amended Complaint alleging that Sinoriches and defendant SGL Shipping Limited were somehow related.

Simultaneous with the filing of the Amended Complaint, Calder sought and obtained an *ex parte* Order from this Court dated August 1, 2007 directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment to a number of New York intermediary banks. The Clerk, thereafter, issued such process and on or about August 5, 2007, electronic funds transfers belonging to Viking and Sinoriches was attached while temporarily in the possession of one of the New York intermediary banks while en route to its ultimate destination. Additional attachments have followed. To date, the attachments of Viking's funds have been released. Sinoriches remains attached.

Calder sought a maritime attachment to obtain security for damages allegedly suffered due to an alleged breach of a maritime contract, a charterparty, by defendant Viking Marine S.A. ("Viking") when Viking failed to provide the M/V VERA to Calder as required under an alleged charter party.

2

Calder alleges that it chartered the M/V VERA from the owner, co-defendant Viking, under a charter party[1] dated on or before June 6, 2007, and that Viking did not provide the M/V VERA as required under the charter party. (Amended Complaint, ¶ 5.) Calder also alleges that it then sub-chartered the vessel, by way of a contract of affreightment, to Sinoriches. Accordingly, the charter chain was as follows: Viking, as owner-head charterer, to Calder as charterers, to Sinoriches as sub-charterer.

Sinoriches insists that it never finalized a contract of affreightment with plaintiff. (See Dkt #11 Jinjing Dec. ¶ 6.) Assuming for the sake of this motion that Calder is correct, and a contract of affreightment was finalized, Calder still cannot prevail here because it did not have the ability to fulfill its alleged contract with Sinoriches because it was never in possession, custody and control of the M/V VERA because, as alleged by Calder, Viking did not provide Calder with the M/V VERA.

Sinoriches does not own or control any of the shares of Viking and Viking does not own or control ay of the shares of Sinoriches. The two companies do not share officers, directors, employees, bank accounts or office space. Each is entirely independent of the other, and Sinoriches is not the alter ego of Viking.

## POINT I

### PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELEIF CAN BE GRANTED

In its cause of action against Viking, Calder alleges that:

> 5. On or about June 6, 2007, Plaintiff, as charterer, and Defendant VIKING, as owner, entered into a charter agreement for the use of the M/V VERA.

---

[1] 'A charter party is a specific contract, by which the owners of a vessel let the entire vessel, or some principal part thereof, to another person, to be used by the latter in transportation for his own account, either under their charge or his." *Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817, 823 (2d Cir. 2006).

3

> 6. Plaintiff complied with each and every requirement imposed by the agreement between the parties.
>
> 7. Defendant VIKING wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject charter agreement by, *inter alia*, <u>failing to provide the said vessel</u>, as per the terms of the charter agreement.

(First Amended Complaint; Dkt # 19) The same allegations were made in the Second Amended Complaint. (Dkt #28 pp 6-10).

As a result of Viking's breach of its charter party with Sinoriches, it failed to provide plaintiff with use of the M/V VERA. Plaintiff did not have possession, custody or control of the M/V VERA. Yet, in its cause of action against Sinoriches, it alleges:

> 18. On or about June 7, 2007, Plaintiff, as entitled to do so under its Charter with VIKING, and Defendant SINORICHES, as shipper, entered into a contract of affreightment ("fixture agreement") for the shipment of a cargo of steel products on board the M/V VERA.
>
> 19. Plaintiff complied with each and every requirement imposed by the agreement between the parties.
>
> 20. Defendant SINORICHES wrongfully, willfully, negligently and/or fraudulently breached the terms of the subject contract of affreightment by, *inter alia*, failing to pay freight, demurrage, port fees and other associated costs.

(First Amended Complaint; Dkt 19) The same allegations were made in the Second Amended Complaint. (Dkt #28 pp 28 to 31).

Sinoriches cannot, as a matter of law, be obligated to pay Calder "freight, demurrage, port fees and other associated costs," because Calder never provided Sinoriches with the M/V VERA or any other vessel.

4

## POINT II

## THE PLAINTIFF HAS NO INTEREST IN THE M/V VERA AND ACCORDINGLY PLAINTIFF LACKS STANDING TO SUE

The standing requirements are well established: "To meet the Article III standing requirement, a plaintiff must have suffered an 'injury in fact' that is 'distinct and palpable'; the injury must be must be fairly traceable to the challenged action; and the injury must be likely redressable by a favorable decision." Denny v. Deutsche Bank AG, 443 F.3d 253, 263 (2d Cir. 2006) (citing Lugan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)).

> The Second Circuit has held that, where a party has raised the issue of standing, the District Court has leeway as to the procedure it wishes to follow. See Gibbs v. Buck, 307 U.S. 66, 71-72, 59 S. Ct. 725, 83 L. Ed. 1111 (1939) ("As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court"). After limited discovery on the jurisdictional issue, see Filus v. Lot Polish Airlines, 907 F.2d 1328, 1322 (2d Cir. 1990), the matter might be appropriate for resolution on motion supported by affidavits, [] see Exchange National Bank v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976), or, if a genuine dispute of material fact exists, the Court may conduct a hearing limited to Article III standing, see Lawrence v. Dunbar, 919 F.2d 1525, 1529-30 (11th Cir. 1990); cf. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir 1990) (outlining similar procedures for establishing personal jurisdiction under Rule 12(b)(2)).

Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 88 (2d Cir. 2006)

One mechanism that may be used to determine standing is a motion for summary judgment. See Lujan, 504 U.S. at 561; accord In re Bennett Funding Group, Inc., 336 F.3d 94, 102 (2d Cir. 2003). Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)), cert. denied after remand, 484 U.S. 1066 (1988

When determining whether a genuine issue of material facts exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Nonetheless, a plaintiff bears the burden of proving that is has standing. Lugan, 504 U.S. at 561. Where "the nonmoving party bears the burden of proof at trial; summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." Nebraska v. Wyomng, 507 U.S. 594, 590 (1993) (quoting Celotex, 477 U.S. at 322) (internal quotation marks omitted) (alteration in original). "[I]f the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case," the defendant must prevail. Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247-48).

Thus, "[i]n response to a summary judgment motion [on the issue of standing].... the plaintiff can no longer rest on ... 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts', Fed. Rule Civ. Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true." Lujan, 504 at 561. The non-movant "may not rely on conclusory allegations or unsubstantiated speculation". Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998); accord Argus, Inc. v. Eastman Kodak Co., 801 F.2d 38, 42 (2d Cir. 1986), cert denied, 479 U.S. 088 (1987). In other words, a non-movant must offer "concrete evidence" from which a reasonable factfinder could return a verdict in its favor. Anderson, 477 U.S. at 256.

As the Second Circuit has noted, "to survive a motion for summary judgment [on the issue of standing], a plaintiff must proffer facts establishing that all links in the causal chain are satisfied." Garelick v. Sullivan, 987 F.2d 913, 919 (2d Cir.), cert denied, 510 U.S. 821 (1993).

Here, Calder's own allegations establish that Calder does not have standing. Calder had no interest in the M/V VERA and no vessel to provide Sinoriches. Sinoriches cannot be obligated to pay "freight, demurrage, port fees and other associated costs" because there was no freight earned, no demurrage incurred, no port fees paid and no costs incurred by Calder on behalf of Sinoriches. Because Calder had no interest in the M/V VERA, it has no standing to claim it is entitled to "freight, demurrage, port fees and other associated costs."

Accordingly, the complaint must be dismissed for lack of standing.

## CONCLUSION

For the reasons stated herein above, Sinoriches' motion should be granted.

Dated: New York, New York
December 26, 2007

Respectfully submitted,

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant Calder Seacarrier Corp.

William R. Bennett, III
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:    (646) 328-0120

TO:   Garth Wolfson, Esq.
      Mahoney & Keane LLP
      111 Broadway, 10th Flr
      New York, New York 10006

7

J. Pare, Esq.
Nourse & Bowles
One Exchange Plz
55 Broadway
New York, New York 10006

Richard M. Ziccardi, Esq.
Xylas & Ziccardi, LLP
500 Fifth Avenue
New York, New York 10110

Z:\Documents\All Files\D697\Pleadings\MemoLawReStanding.DOC